### DUNLAP'S CABLE NEWS CO. *v.* STONE *et al.*

*(Supreme Court, General Term, First Department.   June 12, 1891.)*

INJUNCTION—INTERFERENCE WITH COMPETING BUSINESS.

    Plaintiff, a foreign corporation, organized for the purpose of collecting news and furnishing the same to the newspapers, cannot maintain an action to restrain an unincorporated association engaged in the same business from enforcing a rule that its members should take no news from other news agencies; the association not being governed by any corporate duty, and owing no duty to plaintiff, which was attempting to compete with it.

Appeal from special term, New York county.

Action for injunction by Dunlap's Cable News Company, a corporation existing under the laws of New Jersey, and engaged in the business of collecting news, and furnishing the same to all newspapers which may apply therefor, against David M. Stone, as president of the New York Associated Press, an unincorporated association, existing under the laws of New York, also engaged in the business of collecting news and furnishing the same to the newspapers. The prayer of the complaint was "for judgment against

the defendant, and said New York Associated Press, its officers, agents, or servants, enjoining them, and each of them, from addressing any communications or letters to any newspapers, their publishers or editors, threatening to withdraw, and also from withdrawing, the services of said New York Associated Press to said newspapers in case they continue to avail themselves of the services of this plaintiff; and that they further be directed to withdraw and countermand such as have already been sent; and that the New York Associated Press be further enjoined from enforcing, or attempting to enforce, in any mode or manner whatsoever, the said by-law in any way unlawfully interfering with the business of this plaintiff; and for such other and further relief as the court may deem proper, besides the costs and disbursements of this action." The by-law or rule of the New York Associated Press referred to was to the effect that none of the members should enter into any arrangement for taking news from other news agencies. Plaintiff alleged that the business engaged in by the parties was "a public business, and that both plaintiff and the said New York Associated Press are therefore under an obligation to serve the entire public; and that it is essential for the proper conduct of a newspaper, and for the interests of its readers, subscribers, and advertisers, and for the interest of the public, that such newspaper should be at liberty to avail itself of all sources of information, and combine, if it thinks best, the intelligence and information furnished by the various agencies instituted for that purpose." The New York Associated Press directed such of its members as were subscribers to plaintiff's system to discontinue plaintiff's service, on the ground that it was a violation of the rules of the Associated Press. A motion for an injunction *pendente lite* was denied, and plaintiff appeals.

Argued before BARRETT and PATTERSON, JJ.

*Nathan Bijur*, for appellant. *A. G. McDonald*, for respondents.

BARRETT, J. The plaintiff's application amounted to nothing more nor less than an attempt to restrain the defendants from transacting their lawful business in their own way, lest in doing so the plaintiff's rival business should be injured or diminished. The defendants have a perfect right to limit the sale of the news which they collect to those who contract to deal exclusively with them. They are private individuals, dealing, it is true, with a large public, but governed by no corporate duty or statutory obligation. They certainly owe no duty to the plaintiff, which is a foreign corporation, attempting to compete with them, and with whom they have no privity or relations of any kind. When one of the defendants' customers comes forward as a suitor, it will be time enough to consider whether such customer can with impunity violate his contract, and, while dealing with the plaintiff, demand a continuance of the defendants' services. It certainly is an extraordinary demand on the part of a competitor that the defendants be enjoined from enforcing their agreements with their customers, or from refusing to accept new customers, without the ordinary limitation as to exclusive dealing. The plaintiff has no standing to maintain such an action, and its complaint is devoid of equity. It may be added that the injunction sought was almost in the precise terms of the prayer for relief, and the granting of it would have been equivalent to final judgment before trial. Such an injunction is only granted in an extreme case, and where the right is absolutely clear. No such case has here been presented, but rather the reverse. The application for an injunction *pendente lite* was therefore without merit, and was properly refused.

The order appealed from should be affirmed, with costs.