ALONZO B. COOPER, APPELLANT, V. T. J. CHITTENDEN, APPELLEE.

[FILED OCTOBER 28, 1891.]

1. Real Estate: AN AGREEMENT FOR THE EXCHANGE of real estate, to be enforced specifically, must be mutual in its character and certain in its terms.    These are indispensable requisites to the granting of relief.    Where the testimony is conflicting as to the terms of a verbal contract for the exchange of lands, the finding of the court thereon will be upheld, unless it is clearly wrong.

2. A contract to be enforced must be just and fair in all its parts and not a hard or unconscionable bargain.

APPEAL from the district court for Johnson county. Heard below before BROADY, J.

*L. C. Chapman*, for appellant, cited: *Bates v. Moore*, 2 Bailey [S. Car.], 614; *Gee v. Hicks*, Rich. Eq. Cas. [S. Car.], 17; *Carter v. Brown*, 3 S. Car., 298; *Brown v. Hoag*, 29 N. W. Rep. [Minn.], 135, and notes; *Lear v. Chouteau*, 23 Ill., 39; *Warren v. Dickson*, 27 Id., 115; *Livesey v. Livesey*, 30 Ind., 398; *Osborne v. Endicott*, 6 Cal., 149; *Woods v. Dille*, 11 O., 455; *Connor v. Hingtgen*, 19 Neb, 472.

*A. M. Appelget*, contra, cited: Waterman, Spec. Perf., pp. 234, 280, 575, 576, 599; *Goddin v. Vaughn*, 14 Gratt. [Va.], 102; *Clark v. Lyons*, 25 Ill., 105; *Brake v. Ballou*, 19 Kan., 397; *Tyler v. Larimore*, 2 W. Rep. [Mo.], 179.

MAXWELL, J.

This is an action for the specific performance of a contract for the exchange of real estate. It is alleged in the petition that "on the 5th day of March, A. D. 1890, this defendant was the owner in fee simple of the following described property, to-wit: Lot No. 9 in block No. 2, in the city of Tecumseh, Johnson county, Nebraska, according to the recorded plat thereof, and on the 5th day of March, A. D. 1890, sold the same to this plaintiff; that the said sale was made upon the following agreement; that whereas this plaintiff was the owner of a 'timber claim' in and from the United States of America, dated March 17, A. D., 1890, to and for the following tract of land, to-wit: The S. W. $\frac{1}{4}$ of section 23, township 34, range 49, in the county of Las Animas and state of Colorado; that the same was in full force and effect; that this defendant wished to exchange the said lot No. 9 in block No. 2, in said city of Tecumseh, Nebraska, for the 'timber claim' for the said S. W. $\frac{1}{4}$ of sec. 23, town 34, range 49, same being the land above described; that this plaintiff and this defendant did

Cooper v. Chittenden.

agree to exchange the titles and interest of each in the several tracts of land above described to each other; that in pursuance of said agreement, this plaintiff did make out in writing all the papers required to transfer all his rights, titles and interest in and to the S W. ¼ of sec. 23, town 34, range 49, and delivered said title papers to this defendant; that this defendant accepted and took into his possession all of said title papers; that this plaintiff has duly performed all of the conditions of said agreement on his part; that this plaintiff has been to this defendant and requested him to make to him the title papers as agreed upon, to the said lot No. 9 in block No. 2, in the city of Tecumseh, Johnson county, Nebraska, but that the said defendant refused, and still does refuse, to execute said papers to this plaintiff."

To this petition the defendant filed an amended answer as follows:

"Now comes said defendant and for his amended answer to the petition of said plaintiff, denies each and every allegation therein contained, excepting that defendant is the owner in fee of lot 9 in block 2, in the city of Tecumseh, Johnson county, and state of Nebraska.

"For a second and further defense to the action of said plaintiff, defendant was approached by this plaintiff, who represented to defendant that he was the owner of and could convey a good and perfect title to certain real estate situated in the county of Las Animas in the state of Colorado, and described, to-wit, the S. W. ¼ of section 23, in town 34, range 49, and proposed to trade the same and convey the same by good and perfect title to this defendant for certain real estate owned by this defendant situated in Johnson county and state of Nebraska, and described, to-wit, lot 9 in block 2, and lot — in said block 2, in the city of Tecumseh, in said county, agreeing to pay the amount then owing by the said Chittenden, to-wit, the sum of $——, and being the balance of the purchase price

agreed to be paid' by this defendant for said lot —; and
this defendant, relying upon said representations so as
aforesaid made by the said plaintiff as to the title and the
power of said plaintiff to convey said 'tree claim' by per-
fect title, accepted said proposition so made by said plaint-
iff; that said representations so made by said plaintiff were
false and untrue, as he then well knew; that the said
plaintiff has no title or interest in the lands claiming to be
owned by him, which fact was unknown to this defendant
at the time of his entry into the contract herein set out;
that said tract of land had been, prior to said time, entered
by said plaintiff under an act of congress providing for the
entry of public lands for timber culture; that under said
law all entries of public lands could only be made for the
use and benefit of the party making the same, and any
transfer, or attempt to transfer, said lands or any part
thereof vitiated the entry of the lands so entered, and
said lands then reverted to the government of the United
States; that the representations made by the said plaintiff
as to and regarding his ability to convey said lands was so
made for the purpose of misleading this defendant and in-
ducing defendant to enter into the contract herein set out,
and which contract said defendant would not have entered
into had it not been for representations made as aforesaid
by said plaintiff, and which said representations were false,
as then well known to said plaintiff, but of the truth
thereof this defendant had no knowledge."

The reply is a general denial.

On the trial of the cause the court found in favor of the
defendant and rendered judgment of dismissal.

The defendant on his direct examination testified in re-
gard to the trade as follows:

Q. You may state to the court what conversation you
had with the plaintiff Cooper on or about the 6th of March
of this year, in your office, relative to the transfer of lots
or lands claimed to be owned by him.

A. Well, I said I would trade for a tree claim; he represented he had a good claim—a claim on a good lot adjoining his farm; he had a good farm there and this was adjoining it, and it was a good claim; that he had done considerable improvement, but had not done enough; there was yet eight or nine days that he had, and that he had the privilege of giving it up, and I would commence where he left off. I says, I don't know anything about these tree claims; I cannot go out there; I have nothing to do with it; I supposed you had a claim; I supposed you would give me a claim to the lot. He said, he did; that was the claim; that he relinquished it. I didn't know anything about it; I wanted to see; I was giving him a house and lot, or two lots, and I went to see what there was about it; I didn't know anything about a tree claim, it was new to me; I had heard of them, but supposed there was a claim that a man could not trade it off if he didn't have any claim to it. I was not well at the time, and he came back again and I had some conversation with him, but very little; I was not well at the time; I had just had an attack of the grippe, but he came back Saturday night. I told him it was all right, I would trade with him; when he came Saturday night he brought this with him. I says "What do you give me?" He says, "I give you this." I says, "Don't you give me any claim." He says, "That gives it to you." I says, "This relinquishes it back to the government." He says, "That is the way these things are done, that is all there is to it." I says, "I cannot give this house and lot for nothing." I might as well go and get a tree claim myself, and refused to do it, and told him I would not give a deed to it at all.

Q. Go back to the 6th of March when he claims this contract was made with you in your office and tell the court what he said to you about his title, if he said anything, to the land.

A. He said he had a clear title.

Q. What kind of a title did he say he would give you?

A. He would give me—there was. nothing particular, only he said he would give me the claim, the title to it; I know nothing about tree claims.

Q. Use as near as you can the words he used at that time relative to it?

A. I cannot use the words exactly, but he gave me to understand he had a title to the land and he would give it to me; I didn't suppose that he was trading land that he didn't have.

The plaintiff, according to his own testimony, possessed a mere claim under the timber culture act of congress, and from a failure on his part to comply with the law, his right was about to expire when the trade was made. In effect, he was to give nothing of value for the lots in question. The rule is well settled that the agreement to be enforced must be mutual in its character and certain in its terms. These are indispensable requisites to the granting of relief. (*Rogers v. Joyce*, 4 Me., 93; *Bronson v. Cahill*, 4 McLean [U. S.], 19; *Tyson v. Watts*, 1 Md. Ch., 13; *Beard v. Linthicum*, Id., 345; Willard's Eq., 267.)

The terms of the proposed contract are uncertain. The plaintiff contends that he was to trade a timber claim to which he had no title, and could not convey, and which would lapse in a few days by reason of his failure to comply with the law, for the property set forth in the petition for which the defendant had a deed; while the defendant contends that the plaintiff represented to him, and he was induced to make the agreement upon the representation of the plaintiff, that he possessed the title. This being the state of the proof, the finding of the court cannot be disturbed. In addition to this it is a fundamental rule in the specific enforcement of contracts, that the contract sought to be enforced shall be fair and just in all its parts, and not a hard or unconscionable bargain. If the agreement is hard or unreasonable it will not be enforced. (*Kimberley v. Jen-*

*nings*, 6 Sim. [Eng.], 340; Willard's Eq., 268.) This agreement, if made as claimed by the plaintiff, is hard and unreasonable, and will not be specifically enforced. It follows that the judgment of the court below must be

AFFIRMED.

THE other judges concur.