31 N.J. Super. 102 (1954)
106 A.2d 39
ALFRED MEDINETS, HELEN MEDINETS AND GRETA FRANKL, TRADING AS FRANKL SCHOOL OF MUSIC, PLAINTIFFS,
v.
OTTO HANSEN, HERBERT J. JENSEN, AND THE MAYOR AND COUNCIL OF THE BOROUGH OF METUCHEN, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided June 10, 1954.
*103 Mr. Robert N. Wilentz, for the plaintiffs (Messrs. Wilentz, Goldman, Spitzer & Sills, attorneys).
Mr. Huyler E. Romond, for defendants Otto Hansen and Herbert J. Jensen.
Mr. Dubois S. Thompson, for defendant Mayor and Council of the Borough of Metuchen.
MORRIS, J.C.C. (temporarily assigned).
This is a motion by the plaintiffs for summary judgment under R.R. 4:88-4. Plaintiffs are demanding judgment that defendant Otto Hansen perform a ministerial task of issuing a certificate of occupancy to the plaintiffs. The papers before this court on this motion are the pleadings, plaintiffs' notice of motion with supporting affidavits, plaintiffs' supplemental affidavits in support of the motion, and the depositions of plaintiffs and Marvin Crane taken by the defendants.
The facts of this case, either admitted by the pleadings or disclosed by the unopposed affidavits of the plaintiffs, are as follows: The plaintiffs are partners trading as The Frankl School of Music and own premises located at 1 Victory Court, Metuchen, New Jersey. These premises are in the "R-3" zone of the borough by virtue of the borough's zoning ordinance. The plaintiffs did some work on the cellar of the premises and changed the cellar construction somewhat. Pursuant to a certain section of the zoning ordinance (Art. XI, secs. 2 and 3) which provides in substance that upon a change in the building the owner must get a certificate of occupancy, the plaintiffs applied to the building and zoning inspector of the borough for said certificate. The inspector denied the certificate on the ground that the use being made of the premises was not allowed by the zoning ordinance, and in particular that the use being made of the premises was not use as a "private school" within the meaning of the zoning ordinance. At the time of this denial of plaintiffs' application, the building inspector was Herbert J. Jensen. At the time this action was brought, the building inspector was *104 Otto Hansen. The plaintiffs did not appeal to the board of Adjustment, but brought this action as a direct appeal from the building inspector's action.
The question to be determined is: Are the plaintiffs entitled to a summary judgment ordering the defendants to perform a ministerial act of issuing a certificate of occupancy so that plaintiffs might carry on the teaching of voice, dancing, and the playing of various musical instruments, in a R-3 residence district in the Borough of Metuchen?
After careful reading of the zoning ordinance, and the depositions taken in the case, and a consideration of the arguments of counsel and the law relative thereto, I determine that this case is very similar to the case of Wadsworth v. Board of Adjustment of Bedminster Township, 11 N.J. Super. 502 (App. Div. 1951), where it was held that a horse riding school was not a private school. It has always been my belief that a private school was academic in nature and a substitute for public schools. I am of the opinion that the maintenance of a school for the sole purpose of teaching voice, dancing, and instructions in the playing of musical instruments is a business and not a private school, in accordance with the provisions of the zoning ordinance. The motion by the plaintiffs for summary judgment is hereby denied.