33 N.J. Super. 237 (1954)
109 A.2d 675
ALFRED MEDINETS, ET AL., PLAINTIFFS-APPELLANTS,
v.
OTTO HANSEN, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 1, 1954.
Decided November 16, 1954.
Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Arthur J. Sills argued the cause for the appellants (Messrs. Wilentz, Goldman, Spitzer & Sills, attorneys).
*238 Mr. Huyler E. Romond argued the cause for the respondents, Otto Hansen and Herbert J. Jensen.
Mr. Duboise S. Thompson for respondents, The Mayor and Council of the Borough of Metuchen.
PER CURIAM.
The Building Inspector of the Borough of Metuchen refused to issue a certificate of occupancy to the plaintiffs in order to permit them to operate a school of music and dancing in an area designated R-3 residence district in the zoning ordinance. Property in this zone is permitted to be used for one and two-family houses, including row houses, and for apartment houses; also for boarding houses, a private school, convent or seminary, hospital or sanitarium, nursing home, a community center or club house, and a cemetery.
A board of adjustment was created by the ordinance and it was authorized to hear appeals from adverse decisions of the building inspector. In addition to hearing and deciding appeals, power was conferred on the board to interpret the ordinance "in its application to a specific instance where the regulations may be couched in general terms only."
No appeal was taken in this case to the board. Very shortly after the denial of the certificate of occupancy this action in lieu of prerogative writs was brought in the Law Division of this court for a judgment directing the building inspector to grant plaintiffs' request.
The trial court entered summary judgment in favor of the municipality and in his memorandum, 31 N.J. Super. 102 (Law Div. 1954), pointed out the failure to appeal, but did not base his decision on that ground. In passing we note that the answers of the defendants borough and building inspector both assert such failure as a separate defense to the suit.
Although the merits of the cause were argued before us and although we were assured by counsel for the borough, whose name is set out in the directory attached to the zoning ordinance as secretary of the board, that on appeal to the *239 board the building inspector's view would be adopted, we are constrained to dismiss the appeal because plaintiffs have not exhausted the administrative remedy. R.R. 4:88-14.
In doing so, we are motivated not only by the rule referred to but also by certain regulatory matters in the zoning ordinance which, so far as the record before us is concerned, do not appear to have been the subject of proof or consideration.
Specifically these matters are as follows: Section 8 of the ordinance requires that:
"The total combined building area for any private school shall not exceed fifteen (15) percent of the total area of the lot";

* * * * * * * *
Section 10 provides that:
"No private school * * * shall be erected on a lot less than three (3) acres."
And Section 11 says:
"For any school there shall be provided off-street parking space for at least one automobile for every classroom."
The significance of these requirements in relation to the present problem does not seem to have been given any attention. Undoubtedly if the administrative appeal had been exhausted, proof would have been submitted thereon or stipulations made which would have enabled us to dispose of the case. Without such essential proof a full and proper determination cannot be made.
In view of the dismissal in this court, we set forth herein for the information and further study of counsel some of the cases, texts and matters which engaged our consideration on this appeal.
1. Definition of school.

Wadsworth v. Board of Adjustment, Bedminster Township, 11 N.J. Super. 502 (App. Div. 1951);

*240 Livingston v. Davis, 243 Iowa 21, 50 N.W.2d 592, 27 A.L.R.2d 1237 (1951);

People v. Collins, 191 Misc. 553, 83 N.Y.S.2d 124 (Westchester Co. Ct. 1948);

Weisse v. Board of Education, 178 Misc. 118, 32 N.Y.S.2d 258 (Sup. Ct., Kings Co. 1941);

State ex rel. Johnson v. Boyd, 217 Ind. 348, 28 N.E.2d 256 (1940);

Bastendorf v. Arndt, 290 Mich. 423, 287 N.W. 579, 124 A.L.R. 445 (1939);

Alexander v. Phillips, 31 Ariz. 503, 254 P. 1056, 52 A.L.R. 244 (1927);
47 Am. Jur., Schools, § 2, p. 297;

Webster's New International Dictionary, Unabridged (2d ed. 1949). Academy, school, art, science, music, dance.
2. Distinction between public and private school.
Livingston v. Davis, supra.
3. What constitutes a school?

Livingston v. Davis, supra;

State v. Northwestern Preparatory School, 228 Minn. 363, 37 N.W.2d 370 (1949);

Langbein v. Board of Zoning Appeals, 135 Conn. 575, 67 A.2d 5 (1949);

People v. Collins, supra;

State ex rel. Kaegel v. Holekamp, 151 S.W.2d 685 (St. Louis Ct. of Appeals, 1941, not officially reported);

Weisse v. Board of Education, supra;

Bastendorf v. Arndt, supra;

Flagg v. Murdock, 172 Misc. 1048, 15 N.Y.S.2d 635 (Sup. Ct., Kings Co. 1939);

State v. Northwestern College of Speech Arts, 193 Minn. 123, 258 N.W. 1 (1934);

People v. Kelly, 255 N.Y. 396, 175 N.E. 108 (1931).
4. Is teaching of music, voice and the dance a profession or a business?
People v. Kelly, supra.
*241 5. Is statutory definition of private school applicable (R.S. 18:19-7) and what is significance, if any, of duty of private school to register under N.J.S. 18:20-31?
People v. Collins, supra.
6. Suggestion that music and dancing school may be a nuisance.

Livingston v. Davis, supra;

City of Miami Beach v. State ex rel. Lear, 128 Fla. 750, 175 So. 537 (1937).
7. Effect where meaning of language of ordinance is doubtful.

Hrvcenko v. Board of Adjustment, 27 N.J. Super. 376 (App. Div. 1953);
Bastendorf v. Arndt, supra.
8. Effect of provisions of the zoning ordinance referred to above, if applicable, as to character of private school contemplated by the governing body when it adopted the ordinance.
These references have been made not as indicative of any actual determination of the matter, but simply to guide the approach to the problems involved in the event of subsequent appeal.