33 N.J. Super. 535 (1955)
111 A.2d 288
REGINA K. HIGGINS, PLAINTIFF-APPELLANT,
v.
BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 10, 1955.
Decided January 18, 1955.
*537 Before Judges CLAPP, JAYNE and FRANCIS.
Mrs. Regina K. Higgins argued the cause pro se.
Mr. Clarence F. McGovern argued the cause for respondent.
The opinion of the court was delivered PER CURIAM.
Among the several requirements to entitle an individual to receive benefits under the terms of our Unemployment Compensation Law (R.S. 43:21-1) are those specified in subdivision (c) of R.S. 43:21-4, to wit, that he or she is able to work, available for work, and has demonstrated that he or she is actively seeking work. Boyer v. Board of Review, 4 N.J. Super. 143 (App. Div. 1949); DeRose v. Board of Review, 6 N.J. Super. 164 (App. Div. 1950); Guidice v. Board of Review of Division of Employment Security, 14 N.J. Super. 335 (App. Div. 1951); Ludwigsen v. N.J. Department of Labor and Industry, 12 N.J. 64 (1953); Krauss v. A. & M. Karagheusian, Inc., 24 N.J. Super. 277 (App. Div. 1953), reversed on other grounds, 13 N.J. 447 (1953).
Individualization is administratively inherent in the concepts of willingness, readiness, and availability for work. Exposure to the labor market must be sincere. Good faith cannot exist independently of honest and reasonable intentions. Cf. W.T. Grant Co. v. Board of Review, 129 N.J.L. 402 (Sup. Ct. 1943); Muraski v. Board of Review of Unemployment *538 Compensation Commission, 136 N.J.L. 472 (Sup. Ct. 1948).
Then, too, unemployment compensation acts are administered by administrative agencies to which pragmatically a generous area of discretion is accorded. Charles Headwear, Inc., v. Board of Review, 11 N.J. Super. 321 (App. Div. 1951). A realistic interpretation of the facts and circumstances disclosed by the evidence in the given case is absolutely essential to the successful administration of the statutory plan, and that function is primarily entrusted by the Legislature to the designated agencies.
With a mindfulness of the requirements of the statute and of the appropriate regard to be bestowed upon the factual findings of the legislative agency, we have examined the testimony with relation to the final determination of the Board of Review which is the subject of the present appeal.
The record before us discloses that the claimant appealed to the Board of Review from a decision of an Appeal Tribunal which resolved that she was eligible for benefits from October 11, 1953 through December 15, 1953 and ineligible thereafter. The Appeal Tribunal had determined that:
"She was not eligible for benefits after December 15, 1953 because her search for work was not extended, despite increasing evidence that she could not expect assignment under any regular pattern with the regular employer."
The appeal was heard by the Board of Review on February 24, 1954. The following is a reproduction of the memorandum of the Board's conclusions:
"FINDINGS OF FACT AND OPINION:
The findings of fact made by the Appeal Tribunal are correct and we agree with the opinion expressed therein. Additionally, after the Appeal Tribunal hearing on January 27, 1954, the claimant was able to work, was available for work and sought work in factories in her area on an average of four days a week thereby meeting the statutory requirements.
DECISION:
The claimant was eligible for benefits for all weeks of total or partial unemployment from October 11, 1953 through December 15, *539 1953. She was ineligible for benefits thereafter through January 27, 1954.
The decision of the Appeal Tribunal (ATE-512) is affirmed.
The claimant was eligible for benefits from January 28, 1954 through February 24, 1954, subject to reporting."
The fraction of the Board's decision which aggrieves the claimant is the disallowance to her of benefits for the period between December 15, 1953 through January 27, 1954 amounting in the aggregate to $165. The denial of benefits during that intermediate interval was based solely upon her failure to demonstrate that she was during that period of time actively seeking employment.
Proof of the normally essential element that the claimant was, during the period here specified, actively searching for suitable employment necessarily related to a factual inquiry and in the present proceedings its determination depended upon the credibility to be reposed in the uncorroborated testimony of the claimant herself.
It is noticeable, however, that R.S. 43:21-4(c) provides that the Director of the Division of Employment Security "may, in his discretion, modify the requirement of actively seeking work if, in his judgment, such modification of this requirement is warranted by economic conditions."
Our independent inquiry in that regard has disclosed that on December 18, 1953 the Director in pursuance of that authority issued Modification Order Number 7, of which the following is a copy:
 "Active-Search-For-Work Provision
 Modification Order Number 7
 Date Issued: December 15, 1953
Areas Affected:
All remaining Local Office areas of the State not now operating under modification orders.
In accordance with the discretionary power conferred by Section 43:21-4(c) of the Revised Statutes and in view of the trend of and existing economic conditions throughout the entire State, I hereby modify the requirement of actively seeking work for all claimants *540 for whom available suitable work does not exist in perceivable quantity. This modification shall not be construed to alter the requirement that the claimants be able to work and available for work. This shall take effect with claimed weeks of unemployment ending December 19, 1953 and shall expire with claimed weeks ending February 28, 1954."
An administrative instruction accompanied the modification order which contained the following explanation:
"It is to be noted that the modification does not apply `across the board' to all claimants, for instance, those whose skills and qualifications match job openings known to exist, and for which there is a demand sufficient to absorb the supply."
The record before us does not reveal whether the consequence of the order of modification in its applicable relation, if any, to the present claim was considered by the Board of Review. The Board's awareness of the particular modification order is exhibited by its decisions in In re Cosme (BR-31448-C, July 16, 1954) and In re Gross (BR-32049-C, October 8, 1954).
We fail to discover in the record any finding by the Board that the claimant was one "for whom available work did exist in perceivable quantity" or one "whose skills and qualifications match job openings known to exist and for which there is a demand sufficient to absorb the supply."
Since the modification order embraced in the period of its effectiveness the weeks during which the claimant sought the benefits here involved, a determination of its application to the claim of this claimant became of pivotal importance.
It is now conceded by counsel for the Board of Review that the modification order was appurtenant to the claim and thereby relieved the claimant of the requirement of actively seeking work. Since the evidence disclosed that the claimant was able to work and available for work, and it now appearing that her obligation actively to search for employment had been temporarily suspended during the period covered by her claim, that portion of the decision of the Board of Review here under appeal is reversed to the end that the benefits claimed for such period be granted.