50 N.J. Super. 187 (1958)
141 A.2d 550
KATHRYN C. CAMPBELL, APPELLANT,
v.
BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 28, 1958.
Decided May 20, 1958.
*188 Before Judges PRICE, HANEMAN and SCHETTINO.
Mrs. Kathryn C. Campbell argued her cause pro se.
Mr. Edward A. Kaplan argued the cause for respondent: (Mr. Clarence F. McGovern, attorney).
The opinion of the court was delivered by HANEMAN, J.A.D.
Claimant appeals, pro se, from a decision of the Board of Review, Division of Employment Security, holding her ineligible for unemployment benefits by virtue of N.J.S.A. 43:21-4(c).
The facts, as elicited from the record and on oral argument, are:
The claimant, a married woman, was employed by Western Electric Company as an inspector, at $55 per week. On April 12, 1957 she was in her sixth month of pregnancy. Under the policy of her employer she was, for that reason, required to take a leave of absence from her employment. Prior to her employment by Western Electric Company she had been employed as an elevator operator, salesgirl *189 and factory inspector. Between April 12, 1957 and April 26, 1957 she applied personally to the following for employment, viz., "Bambergers" as an elevator operator; "Acme Market" as a cashier; "Kresge" as a salesgirl, and "Tung Sol" as an inspector. None of these prospective employers would hire her because of her pregnancy. On April 26, 1957 she filed a claim for unemployment benefits. Between April 26, 1957 and June 4, 1957 she answered from five to eight newspaper advertisements for employees, by telephone. From June 4, 1957 to July 8, 1957, the date of the birth of her child, she answered two such newspaper advertisements in a like manner. None of these endeavors culminated in obtaining employment. From April 26, 1957 to June 14, 1957 she reported weekly to the unemployment office and suggested on each occasion that she was able and willing to accept employment. On none of these occasions was she referred to a prospective employer. On the latter date the unemployment office communicated with her and requested her to report for work. This she refused because of the imminence of her confinement.
The Board of Review concluded that the claimant had been involuntarily separated from her employment by reason of company policy and in its opinion then found:
"In view of her insistence that she was able to work and that she was available for work in several occupations, it was incumbent on the claimant to make some consistent effort to get work. This she failed to do after she filed her claim. Her reported efforts appear to have been made not so much to obtain work as to create the appearance of having sought work. She failed to establish eligibility for benefits."
We are therefore concerned only with the question whether claimant was "actively seeking work."
N.J.S.A. 43:21-4 provides, in part:
"An unemployed individual shall be eligible to receive benefits with respect to any week only if it appears that:
(a) He has registered for work at, and thereafter continued to report at, an employment office in accordance with such regulations as the division may prescribe, * * *.

*190 * * * * * * * *
(c) He is able to work, is available for work, and has demonstrated that he is actively seeking work, except as provided in subsection (f) of this section; * * *."
Under the statute, the claimant must actively seek work. Guidice v. Board of Review, 14 N.J. Super. 335 (App. Div. 1951).
Merely "registering with the State Employment Service and asking if they know of any opportunities for work" is alone insufficient to qualify a claimant for benefits. Guidice v. Board of Review, supra; Krauss v. A. & M. Karagheusian, 13 N.J. 447 (1953). Neither is a reading of newspaper advertisements and telephoning a few places sufficient. De Rose v. Board of Review, 6 N.J. Super. 164 (App. Div. 1950).
The availability of a claimant for work is satisfied if he is able, willing and ready to accept suitable work which he does not have good cause to refuse. Valenti v. Board of Review, 4 N.J. 287 (1950); Tung-Sol Electric, Inc., v. Board of Review, 35 N.J. Super. 397 (App. Div. 1955).
Exposure to the labor market must be sincere in order to establish that a claimant is actively seeking work. Good faith cannot exist independently of honest and reasonable intention. Higgins v. Board of Review, 33 N.J. Super. 535 (App. Div. 1955).
It is impossible to establish a norm against which the conduct of every applicant can be compared to ascertain whether there has been a compliance with the statutory mandate to seek employment. The facts of each case must be examined to determine whether a claimant actively sought work. Breskin v. Board of Review, 46 N.J. Super. 338 (App. Div. 1957).
Conceding that claimant's visits to the four mercantile and manufacturing establishments between April 12, 1957 and April 26, 1957 do not constitute a compliance with the statute, as they occurred ante the claim for benefits, yet they are at least demonstrative of the bona fides of *191 claimant's allegation that she was both available for work and was actively seeking employment. They are favorable indicators of honest attempt to secure work, and the fact that these visits did occur ante the filing of a claim is another circumstance which is favorable to claimant on the question of intent. In the light of the refusals to hire because of pregnancy, can it be said that claimant should have travelled from street to street personally seeking employment? Having in mind the refusals of employment which she had received prior to April 26, 1957, can it be said that she did not thereafter pursue the normal and sensible method in attempting to secure employment? It must be recognized that plaintiff's five-month pregnancy would restrict the fields open to her. See, generally, Myerson v. Board of Review, 43 N.J. Super. 196 (App. Div. 1957). Not even the State Employment Agency could suggest any further avenue of inquiry.
The case of Myerson v. Board of Review, supra, cited by plaintiff, is not dispositive of the question raised here, since that case involved only the question whether a separation from work of a pregnant woman was voluntary because it resulted from the terms of a collective bargaining agreement. The question of "actively seeking work" was not involved.
We are cognizant of the statement of this court in Guidice v. Board of Review, 14 N.J. Super. 335 (App. Div. 1951). There the court said, 14 N.J. Super. at page 339:
"* * * It is impossible to define sharply what constitutes a sufficient effort to obtain employment. In borderline cases, we ought not disturb the conclusion of the board. Walton v. Wilhelm, 91 N.E.2d 373 (Ind. 1950)."
We hold that the present matter does not present a borderline case and does not, therefore, fall within the rule stated.
In reviewing the testimony under the rule stated in Russo v. United States Trucking Corp., 26 N.J. 430 (1958), and Ricciardi v. Marcalus Mfg. Co., 26 N.J. 445 (1958), we conclude that, under the circumstances here present, including the personal applications prior to April 26, 1957, *192 the telephone answers to newspaper advertisements, the visits to the State Employment office, and plaintiff's stage of pregnancy with the resulting restricted field for work, claimant exhibited good faith in seeking employment and was "actively seeking work" until June 14, 1957. Consequently, she is entitled to unemployment benefits from April 26, 1957 to June 14, 1957.
Reversed.