## Foos v. Lower Merion Township Zoning Board of Adjustment

*William N. J. McGinniss*, for plaintiff.

*William P. Manning, Jr.*, for defendant.

DANNEHOWER, P. J., May 26, 1961. — Appellant, Helen L. Foos, brings this appeal from an order of defendant Zoning Board of Adjustment of Lower Merion Township, dated January 25, 1961, denying her petition for a special exception. Appellant's petition was founded upon sections 401 and 701 of the Lower Merion Township Zoning Ordinance. The pertinent part of section 401 reads as follows:

"Section 401. Use Regulations. A building may be erected or used, and a lot may be used or occupied for any of the following purposes, and no other: . . .

" (5). Public school.

" (6). *Private educational institution*, hospital, or sanitarium, religious or philanthropic use, excluding correctional or penal institution, when authorized as a special exception . . ." (Italics supplied.)

The record and testimony disclose that Mrs. Foos purchased premises situated at 529 Montgomery Avenue, Haverford, Lower Merion Township, on or about September 30, 1960. This property is improved with a large, three-story residence and a nearby structure variously described as a barn, stable or carriage house.

Except for brief periods, appellant and her predecessors in title have utilized portions of the first floor of the *residence* to conduct a dancing school since 1941. Such use was pursuant to a special exception granted by the Zoning Board on May 22, 1941. This special exception made no reference to similar use of the accessory structure.

Appellant now seeks an additional special exception to conduct classes in ballet and judo in the barn or stable, after suitable remodeling. The zoning board made findings of fact which are amply supported by the record, and its opinion denying the petition evidences careful study of the question presented.

That question, now before us for review, is whether or not appellant's proposed use of the barn or stable constitutes use as a *"private educational institution"* within the meaning of section 401(6), quoted above.

Our scope of review of zoning board rulings is limited. We may reverse a decision of the board only for a manifest abuse of discretion or an error of law: Borden Appeal, 369 Pa. 517 (1952); Wallace Appeal, 72 Montg. 312 (1956).

The proper interpretation of words such as "school" and "educational institution" contained in zoning ordinances raises a novel question in this Commonwealth. Careful research by the zoning board, counsel, and the writer of this opinion has disclosed no definitive Pennsylvania cases. In addition, the Lower Merion Zoning Ordinance contains no definition of the term *"private educational institution"*, as employed in section 401-(6).

We are, therefore, as was the zoning board in its opinion, cast adrift upon the sea of interpretation of this language. In our search for appropriate meaning, the customary rules of statutory construction provide guides. It was the duty of the zoning board to determine, as best it could, the intention of the township commissioners in framing this section of the ordinance: Marple Township v. Lynam, 151 Pa. Superior Ct. 288 (1943).

In its pursuit of this objective, the zoning board considered an amendment, enacted in 1951, to the pertinent section. The earlier corresponding section employed the language, "an educational use," instead of

"private educational institution." It was pursuant to the former language that a special exception permitting a ballet school was granted to appellant's predecessor in title in 1941.

We agree with the reasoning the zoning board employed to ascribe meaning to this change in language. The permission of "Public school" use in section 401-(5) imports a parallelism of meaning to "private educational institution". That is, the private institution should be equivalent to a public school in the general scope of its educational program. In addition, the other permitted uses in section 401(6) are charitable in nature, which suggests an intention to exclude profit-oriented institutions. The board further reasoned that the change in language from "an educational use" to "educational institution" reinforced its inference that a noncommercial school with a full academic program was intended.

In support of its conclusions, the board relied upon cases interpreting similar language in other jurisdictions. In State ex rel. Kaegel v. Holekamp, 151 S. W. 2d 685, 690 (St. Louis Court of Appeals, Mo., 1941), the court said:

"In other words, by the phrase 'colleges and educational institutions', the ordinance obviously contemplates schools in the usual sense, that is, institutions of learning which exist independently as such; have a definite curriculum or course of study; and are designed to serve as the medium for imparting to the students who attend them a knowledge of those things broadly covered within the field of education."

In Medinets v. Hansen, 31 N. J. Super. 102, 106 A. 2d 39, 33 N. J. Super. 237, 109 A. 2d 675 (1954), the court was called upon to interpret the words "private school" in a zoning ordinance. In denying summary judgment to plaintiffs, the court said (31 N. J. Super., p. 104, 106 A. 2d, p. 40) :

"It has always been my belief that a private school was academic in nature and a substitute for public schools. I am of the opinion that the maintenance of a school for the sole purpose of teaching voice, dancing, and instructions in the playing of musical instruments is a business and not a private school, in accordance with the provisions of the zoning ordinance."

See also, Kurz v. Board of Appeals of North Reading, 167 N. E. 2d 627 (Mass., 1960). We concur with the reasoning expressed in the opinions of these courts.

Having found no manifest abuse of discretion or error of law in the record submitted by the zoning board, we must affirm its decision.

### Order

And now, May 26, 1961, following argument, the appeal of Helen L. Foos from a decision of the Zoning Board of Adjustment of Lower Merion Township, denying appellant a special exception to use a barn or stable on her premises to conduct classes in ballet and judo, is hereby dismissed, and the decision of the zoning board is affirmed. An exception is allowed.