92 N.J. Super. 260 (1966)
223 A.2d 38
BYRON WORSNOP, APPELLANT,
v.
BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, AND HESS OIL CHEMICAL CORP., RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 12, 1966.
Decided September 29, 1966.
*262 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. Stanley B. Gruber, of the New York Bar, argued the cause for appellant (Mr. Louis Drazin, attorney).
Mr. Edward A. Kaplan argued the cause for respondent.
The opinion of the court was delivered by COLLESTER, J.A.D.
Byron Worsnop appeals from a decision of the Board of Review, Division of Employment Security, which affirmed a determination of the Appeal Tribunal holding that he was ineligible for unemployment compensation benefits for the period from June 15 through July 12, 1965.
The facts are not in dispute. Worsnop was employed as a seaman by Hess Oil Chemical Corporation, working as an oiler on the tanker S.S. Hess Trader when the vessel was dry-docked for repairs at Jacksonville, Florida, on May 31, 1965. The crew, including the claimant, was laid off and released from shipping articles with no definite date to report for work because of the nature of the repairs. Coincidental with his discharge from the shipping articles claimant, in order to establish his right to rejoin the ship applied for and received a two-week leave of absence and indicated that he intended to return on June 13, 1965.
Claimant went to his home at Easthampton, Massachusetts, and on June 2 filed a claim with the Massachusetts Division of Employment Security for unemployment compensation against the State of New Jersey. On the same day claimant, a member of the National Maritime Union, registered for shipping work at his union hiring hall in Boston, where the union operates a referral service for its members and ship owners. Thereafter, and until he rejoined his ship, Worsnop contacted the hiring hall daily.
On June 7 claimant telephoned his company and stated he was ready to rejoin the ship at Jacksonville. He was told that the company did not know when the ship would come out of *263 drydock. He called again three or four days later and was told he would be notified when he should rejoin the vessel. The ship repairs were completed on June 11, but because of an industry-wide labor dispute between shipping companies and three maritime unions of licensed officers (not claimant's union) the company decided to await the outcome of contract negotiations before reactivating the ship. From June 16 through July 10 the strike of the three unions resulted in a work stoppage on vessels operated by the company and other maritime employers. The strike was settled on July 10. The S.S. Hess Trader was reactivated on July 11 and claimant at once rejoined his ship.
Worsnop's claim for unemployment compensation benefits was denied and thereafter a hearing was conducted by the Appeal Tribunal. At the hearing it was undisputed that from June 2 until claimant rejoined his ship on July 11, claimant did nothing to find other employment except to contact his union hiring hall. There was testimony that vessels of the American Maritime Association were operating during the strike. However, at oral argument before us, it was conceded that claimant would not be referred to job openings on such vessels by his union since it had no contract with that association. There was testimony that during the work stoppage caused by the strike there would be little, if any, chance of securing employment on another ship.
The Appeal Tribunal held that under N.J.S.A. 43:21-5 the claimant was disqualified for benefits for two weeks immediately following his detachment from his ship, namely, from June 1 through June 14. Claimant does not question this ruling. However, the Appeal Tribunal also held that for the period from June 15 through July 12, the stoppage of work caused by the shipping strike had the effect of depriving claimant's union of almost all referral and placement opportunities, and therefore it could not be considered that claimant realistically sought work through union referral. It held that since claimant did not seek other types of employment during this period, he was in fact unavailable for work until *264 the labor dispute between the shipping companies and the other unions had been resolved; accordingly, he was ineligible for unemployment benefits.
Claimant appeals, contending that while job openings were decreased because of the strike, he was entitled to continue to look for employment through his hiring hall for a reasonable period of time before being required to look elsewhere for employment, and that the period from June 2 until July 11 was a reasonable period of time for him to continue to seek employment through his hiring hall. It is contended that since claimant reported to his hiring hall and continued to do so during the period he met the requirements of N.J.S.A. 43:21-4(c) in that he was available for work and had demonstrated that he was actively seeking work, and he therefore was eligible for unemployment compensation benefits.
The issue presented under the facts of this case is whether the claimant was available for work and demonstrated that he was actively seeking work during the period that he claims unemployment benefits.
N.J.S.A. 43:21-4 provides:
"An unemployed individual shall be eligible to receive benefits with respect to any week only if it appears that:

* * * * * * * *
(c) He is able to work, is available for work, and has demonstrated that he is actively seeking work, * * *."
To be "available for work" the unemployed person must have "a genuine attachment to the labor market." Valenti v. Board of Review, 4 N.J. 287, 290 (1950). He must be "willing, able and ready to accept suitable work which he does not have good cause to refuse." Krauss v. A. & M. Karagheusian, Inc., 13 N.J. 447, 457 (1953). He must go out within a reasonable distance from his home and seek employment. Boyer v. Board of Review, 4 N.J. Super. 143, 146 (App. Div. 1949). "A good faith offering of the claimant's services is a prerequisite to availability. Exposure to the labor market must be sincere and unequivocal. A professed *265 willingness to work accompanied by or following conduct wholly inconsistent therewith, will not serve to establish availability. Good faith cannot exist independently of honest intentions * * *." Walton v. Wilhelm, 120 Ind. App. 218, 91 N.E.2d 373, 375 (Ct. App. 1950); Higgins v. Board of Review, 33 N.J. Super. 535, 537 (App. Div. 1955). A person who is genuinely attached to the labor market and desires employment will make every reasonable effort to find work. Dwyer v. Appeal Board, 321 Mich. 178, 32 N.W.2d 434 (Sup. Ct. 1948); Stapleton v. Administrator, 142 Conn. 160, 112 A.2d 211 (Sup. Ct. Err. 1955).
The further requirement that the claimant must demonstrate that he "is actively seeking work" means that he must do more than being passively available for work. He must make a sincere effort to obtain employment either in his usual type of work or in such other suitable work as he may be able to do. As we said in Breskin v. Board of Review, 46 N.J. Super. 338 (App. Div. 1957):
"Merely registering with the State Employment Service for work is not sufficient, Krauss v. A. & M. Karagheusian, Inc., supra; nor is registering plus asking relatives and friends if they know of any opportunities for work, Boyer v. Board of Review, supra. Similarly, reading newspaper want ads and telephoning a few places will not suffice, De Rose v. Board of Review, 6 N.J. Super. 164 (App. Div. 1950); nor will reporting once a month at union headquarters, Guidice v. Board of Review, 14 N.J. Super. 335 (App. Div. 1951)." (at p. 343)
One who seeks unemployment benefits must make more than these minimal efforts to find employment to satisfy the statutory requirements.
The undisputed evidence in this case is that the only effort made by claimant to actively seek work was to contact his union hall daily during the period for which he seeks benefits. From June 16 to July 10 the strike of the three maritime unions effectively precluded job openings in the shipping industry. There is no claim that Worsnop was not fully aware of this situation.
*266 We are satisfied under the facts of this case that claimant's contention that he was entitled to a fair opportunity to observe the labor market in his field and to collect unemployment benefits before being forced to look elsewhere for employment, lacks merit. It is only where the unemployed person does not realize, while actively seeking work, that he will have a difficult time in finding a job in his field, that he is entitled to a reasonable time to appraise his opportunities for employment in his trade before being required to make an effort to find other suitable work. Guidice v. Board of Review, 14 N.J. Super. 335, 338 (App. Div. 1951). Here Worsnop knew that the strike would preclude job openings in his field, yet he made no effort to secure other employment.
Moreover, in order to meet the "available for work" requirement of N.J.S.A. 43:21-4 (c) a claimant is not only required to actively endeavor to obtain suitable work  he cannot restrict his availability for work to a particular employer or a particular job. Muraski v. Board of Review, 136 N.J.L. 472 (Sup. Ct. 1948).
In the instant case the evidence shows that Worsnop intended to return to his ship when necessary repairs thereto were completed and it came out of drydock. In order to insure his right to resume his job he obtained a leave of absence. By doing so he sustained a loss of transportation costs from Jacksonville to Easthampton, to which he would have been entitled if his employment had been terminated.
We conclude that claimant's efforts to secure available work by merely reporting to his union hall during the period of the strike was not a good faith effort on his part to secure employment. Cf. Krauss v. A. & M. Karagheusian, Inc., supra, at p. 458; Higgins v. Board of Review, supra, at p. 537. We are also satisfied that claimant restricted his availability for work to his own particular job.
The decision of the Board of Review is affirmed.