72 N.J. Super. 483 (1962)
178 A.2d 635
GEORGE A. SPATOLA, CLAIMANT-APPELLANT,
v.
BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 19, 1962.
Decided March 5, 1962.
*484 Before Judges PRICE, SULLIVAN and LEWIS.
Mr. George A. Spatola argued the cause pro se.
Mr. Edward A. Kaplan argued the cause for respondent.
PER CURIAM.
This is an appeal from a denial of unemployment compensation benefits.
The facts as found by the Appeal Tribunal and affirmed by the Board of Review are as follows:
"The claimant worked as a collector for a loan company for seven months to March 7, 1961 when he quit because his immediate supervisor had expressed constant dissatisfaction with his work, and he felt that he would rather quit than be discharged. The branch manager had spoken to him that day and offered him thirty days in which to improve the quantity and quality of his work, but the claimant chose to leave immediately."
Section 5 of the Unemployment Compensation Act, N.J.S.A. 43:21-5, provides, inter alia, that an individual shall be disqualified for benefits if he leaves work voluntarily "without good cause."
On the basis of the foregoing it was determined by the Appeal Tribunal, which determination was affirmed by the Board of Review, that claimant did not have good cause to leave his employment and was disqualified for benefits.
Claimant argues that he was "fired" and was not offered any trial period of 30 days by his employer.
In reviewing factual findings made in an unemployment compensation proceeding the test "is not whether we would come to the same conclusion if the original determination was ours to make, but rather whether the fact-finder *485 could reasonably" so conclude upon the proofs. Berry, Whitson & Berry v. Division, etc., Dept. of Labor and Industry, 21 N.J. 73 (1956); cf. United Hunters Assn. of N.J., Inc. v. Adams, 36 N.J. 288 (1962).
In the instant case there is ample evidence to support the factual findings made by the Appeal Tribunal. At the hearing claimant testified that he told Mr. Archer, his employer's office manager, "I'd rather go out of the job happy instead of me walking in one day and find I'm out of a job. I'd rather leave amiably, so therefore I'm able to get a job elsewhere." Archer testified that he told claimant he was under observation but would be given an opportunity (30 days) to raise the quality and quantity of his work. According to Archer, claimant replied that he did not want to work under those circumstances and that it would be better if he resigned.
On the basis of the Appeal Tribunal findings we conclude that it was properly determined that claimant did not have good cause for leaving work. "Good cause means cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed." Goebelbecker v. State, 53 N.J. Super. 53, 59 (App. Div. 1958), certification denied 29 N.J. 354 (1959).
Here, claimant was offered a 30-day trial period in which to improve the quality and quantity of his work. Instead, he chose to terminate his employment immediately. Had he stayed on, his work might have improved to the satisfaction of his employer and his fears of being discharged might never have materialized. The situation presented is not one of leaving work voluntarily for good cause within the meaning of N.J.S.A. 43:21-5. Cf. Medwick v. Bd. of Review, 69 N.J. Super. 338 (App. Div. 1961).
Affirmed.