131 N.J. Super. 99 (1974)
328 A.2d 639
ROSE V. FERRY, CLAIMANT-APPELLANT,
v.
BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY AND TWIN BORO MORTGAGE AND ABSTRACT CO., INC., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 6, 1974.
Decided November 19, 1974.
*100 Before Judges KOLOVSKY, LYNCH and ALLCORN.
Mr. Richard S. Semel of the Bergen County Legal Services Assurance Corporation argued the cause for appellant.
*101 Mr. Michael S. Bokar, Deputy Attorney General, argued the cause for respondent Board of Review (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
The opinion of the court was delivered by KOLOVSKY, P.J.A.D.
Claimant, formerly employed as a loan officer for a New Jersey mortgage company, filed a claim for unemployment compensation benefits. On her appeal from a determination of the deputy holding her disqualified from benefits, the Appeal Tribunal of the Division of Employment Security originally held that she was disqualified because allegedly she had left work voluntarily without good cause attributable to such work. Following a rehearing on September 11, 1973 the Appeal Tribunal by its decision of September 12, 1973 found that claimant did not leave her work voluntarily so that she was not subject to such disqualification.
However, it held that she was eligible for benefits only for the four weeks from January 24, 1973 through February 20, 1973 and not thereafter because she had limited her search for work to lending institutions within 25 miles from her home in Phoenicia, New York. She had moved there after being told by her employer, upon her return from a medical leave of absence of three months, that her position no longer existed.
The Appeal Tribunal found that:
[Claimant] made a fairly active search for work within her restrictions to about February 22, 1973 when all employment opportunities in her area had been exhausted. These opportunities numbered approximately 5 or 6. Thereafter she repeated these contacts without success.
After noting that N.J.S.A. 43:21-4(c) provides that an unemployed individual shall be eligible to receive benefits with respect to any week only if it appears that
*102 He is able to work, is available for work, and has demonstrated that he is actively seeking work * * *
the Appeal Tribunal's opinion concluded:
When a claimant first becomes unemployed she may place reasonable restrictions as to the type of work she will accept but as the period of unemployment lengthens, failure to relax such restrictions makes the claimant unavailable for work and ineligible for benefits.
Inasmuch as the claimant exhausted all her employment opportunities in the area of her home and she failed to remove the restriction as to type of work she can be held eligible only for the 4 weeks when she made an active search for work.
Claimant appealed to the Board of Review which affirmed the decision of the Appeal Tribunal.
On appeal to this court claimant first argues that she was denied due process because allegedly she had not been given notice, prior to the rehearing, that the question of whether she had actively sought work was to be an issue to be tried in addition to the issue whether she had voluntarily quit her prior employment.
We find no merit to that contention. The notice of hearing sent the claimant expressly stated, in capital letters, that
THE HEARING WILL COVER THE DETERMINATION APPEALED, THE CLAIMANT'S AVAILABILITY AND SEARCH FOR WORK, AND MAY INCLUDE ANY OTHER MATTERS AFFECTING THE CLAIMANT'S RIGHT TO BENEFITS UP TO THE TIME OF THE HEARING.
Moreover, there has been no showing  and claimant's counsel could not even represent at oral argument that there could be a showing  that claimant made any search for work beyond that fully described by her in her testimony at the hearing of September 11, 1973.
Claimant also contends that the decision of the administrative tribunals is "insupportable in the record." We disagree. The findings of those tribunals are supported by substantial evidence. We perceive no abuse of discretion in their conclusions that claimant's restrictions *103 on her search for work were reasonable only for a period of four weeks after the filing of her claim for benefits and that such restrictions wese unreasonable thereafter, so that with respect to that latter period it did not appear that she was available for work and had demonstrated that she was actively seeking work. Cf. Worsnop v. Board of Review, 92 N.J. Super. 260, 265-266 (App. Div. 1966); Breskin v. Board of Review, 46 N.J. Super. 338 (App. Div. 1957).
The decision of the Board of Review is affirmed.