STEIN AND KURLAND, P. C., APPELLANT, v. BOARD OF REVIEW OF THE DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 15, 1981—Decided November 2, 1981.

Before Judges MATTHEWS, PRESSLER and PETRELLA.

*Scott R. Lippert* argued the cause for appellant (*Stein & Kurland,* attorneys).

*Michael J. Haas,* Deputy Attorney General, argued the cause for respondent (*James R. Zazzali,* Attorney General of New Jersey, *John J. Degnan,* former Attorney General of New Jersey; *Michael S. Bokar,* Deputy Attorney General, of counsel).

PER CURIAM.

Plaintiff law firm challenges an award of $500 as a counsel fee in an unemployment compensation case on the basis of it being inadequate in relation to the time expended. Their client, then appearing *pro se,* had been denied unemployment compensation by the Division of Employment Security of the Department of Labor and Industry and that decision had been affirmed by the Appeal Tribunal.

On appeal to the Board of Review plaintiff agreed to represent claimant and she paid plaintiff an initial retainer of $500. Plaintiff agreed on an attorney's authorization form that, in accordance with *N.J.S.A.* 43:21–15(b) and *N.J.A.C.* 12:20–5.4(c), it would "not charge or receive for [its] services more than an amount approved by the Board of Review." Any fees paid would be borne by the client.

After a hearing the Board of Review set aside the Appeal Tribunal's decision and ruled claimant eligible for past-due

unemployment benefits of $3,744. Plaintiff requested that the Board of Review approve a counsel fee of $1,500 for 30 hours and 15 minutes of services rendered between June 27, 1977 and March 10, 1978 in connection with the appeal to the Board. It advised the Board of Review that in addition to the initial retainer it had received a subsequent payment of $750.

The Board of Review, in accordance with guidelines set forth on the reverse side of the "Board of Review Attorney's Authorization" form, approved an attorney fee of $500. This, of course, meant that a refund would be due to claimant.

Plaintiff on this appeal argues that the Board of Review has no special expertise concerning legal services and the value thereof, and submits that a $50-an-hour fee is appropriate. The Board of Review publishes what constitutes its general guidelines for evaluating requests for approval for attorney's fees on the reverse side of the Attorney's Authorization form with a reference to the information on the bottom of the front page of that form. Printed on the reverse is the following:

> In evaluating requests for approval of attorney fees, the purpose of the unemployment and disability benefits program—to provide a measure of economic security for the beneficiaries thereof—is considered, together with the following factors:
>
> 1. The services performed (including type of service);
> 2. The complexity of the case;
> 3. The amount of time spent on the case;
> 4. The results achieved. (While consideration is given to the amount of benefits, if any, which are payable in a case, the amount of fee is not based on the amount of such benefits alone, but on a consideration of all the factors).

Plaintiff agreed not to charge or receive for its services more than an amount approved by the Board of Review. Recognizing the purpose of the Unemployment Compensation Law is to alleviate the impact of involuntary unemployment, *Sweeney v. Board of Review*, 43 *N.J.* 535, 539 (1965), an award of counsel fees which would substantially deplete the claimant's recovery would be contrary to the goal of the statute.

Obviously, the purpose of the unemployment benefits program, as well as other relevant criteria, are appropriate

factors for consideration by the Board of Review in fixing the fee. The relationship between the amount of the fee and the size of the award is particularly appropriate where, as here, the fee awarded comes out of claimant's award. It is obvious that, in many cases of this nature, full compensation may not be realized by a lawyer or law firm, but that circumstance is nevertheless one which is implicit in the undertaking of this kind of representation in the first place, and properly so. We are satisfied, taking into account all of the above factors, including the type of case and the nature of the services usually rendered in such matters, that there was no abuse of discretion by the Board of Review.

Under all the circumstances we will not disturb the Board of Review's award of a $500 counsel fee. *Zielenski v. Board of Review*, 85 *N.J.Super.* 46, 54 (App.Div. 1964).

We find no merit to plaintiff's argument that there are inadequate standards to guide the Board of Review in setting counsel fees. *R.* 2:11–3(e)(1)(E).

Affirmed.