■ In the Matter of the Claim of LIBORIO B. CATANESE, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [621 NYS2d 233] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 5, 1993, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Upon review of the record, we find that there is substantial evidence to support the Board's determination that claimant, the part-owner of a dry cleaning business, caused his own unemployment by closing an operating business without a compelling reason for doing so. Significantly, claimant testified that he sold his business because, *inter alia,* he wanted to work "a little easier". Claimant also testified that the business would have stayed open if a suitable offer had not been received. Under the circumstances, we find no reason to disturb the Board's finding that claimant terminated his business for personal and noncompelling reasons.

Cardona, P. J., Mercure, White, Casey and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.

■ In the Matter of the Claim of SYLVIA APPLEMAN, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [621 NYS2d 232] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 5, 1993, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

The Board found that claimant, a legal secretary, left her employment to take advantage of the employer's early retirement plan. The Board also determined that although claimant was told that the length of her remaining employment could not be guaranteed, she was not told that she would be laid off if she did not accept the retirement plan. Based on these findings the Board concluded that claimant voluntarily left her job without good cause. Contrary to claimant's contentions, there is substantial evidence in the record to support the Board's denial of benefits and its decision must therefore be upheld.

Cardona, P. J., Mercure, White, Casey and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.