701 A.2d 747

PAUL FERNANDEZ, APPELLANT, v. BOARD
OF REVIEW, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted October 8, 1997—Decided October 23, 1997.

Before Judges BAIME, BROCHIN and BRAITHWAITE.

Appellant submitted a *pro se* brief.

*Peter Verniero,* Attorney General, Attorney for Respondent (*Joseph L. Yannotti,* Assistant Attorney General, of counsel; *Ellen A. Reichart,* Deputy Attorney General, on the letter-brief).

The opinion of the court was delivered by

BAIME, J.A.D.

This is an appeal from a decision of the Board of Review upholding the determination of the Appeal Tribunal disqualifying appellant from receiving unemployment benefits. At issue is

whether an employee's acceptance of an early retirement incentive package bars him from obtaining unemployment benefits. Appellant was found to have resigned from his position voluntarily without good cause attributable to his employment. *N.J.S.A.* 43:21-5(a). We find substantial credible evidence in the record supporting the Board's conclusion. *R.* 2:11-3(e)(1)(D).

Appellant was employed by AT & T for twelve years. While AT & T was in the process of restructuring, appellant received a letter indicating that there were "many more people in [his division] than there [would] be following" the reorganization. Appellant was advised that employees could choose to "volunteer to terminate" their employment under the "AT & T Force Management Program." According to appellant, he elected to take that course, thus receiving severance pay of $24,594.51 and medical benefits for a period of six months. Prior to receiving the memorandum, appellant allegedly read an article in the Wall Street Journal which he relied upon as indicia that AT & T was in dire financial straits. Appellant added that he did not enjoy a good working relationship with his immediate supervisors. He further noted that after his separation his responsibilities were not transferred to another employee. It is undisputed, however, that other than the general letter to which we have referred, which apparently was sent to all employees in the consumer products division, appellant was never told that his job was at risk.

We dealt with this issue in *Trupo v. Board of Review,* 268 *N.J.Super.* 54, 632 *A.*2d 852 (App.Div.1993). There, we said in *dictum* that an employee who accepts a voluntary severance package because of a subjective fear of impending job termination was eligible for unemployment benefits if the employee's fear was based upon compelling "definitive objective facts." *Id.* at 61, 632 *A.*2d 852. Because Trupo presented no facts to buttress her belief that her job would actually be eliminated in the impending work reduction, *ibid.,* we had no occasion to apply that principle or resolve the question.

■ Against this backdrop, we cannot fairly say that either the Board of Review or the Appeal Tribunal erred in concluding that appellant failed to sustain his burden of proof. An employee's reason for leaving his employment "must meet the test of ordinary common sense and prudence." *Zielenski v. Board of Review,* 85 *N.J.Super.* 46, 52, 203 *A.2d* 635 (App.Div.1964). "The decision to leave employment must be compelled by real, substantial and reasonable circumstances ... attributable to the work." *Domenico v. Labor & Indus. Dep't of Review,* 192 *N.J.Super.* 284, 288, 469 *A.2d* 961 (App.Div.1983). Perhaps, appellant's decision to voluntarily resign and accept the early retirement package was prudent in light of the employment market and other personal circumstances. But we cannot conclude on the record before us that appellant's expressed subjective fear was based upon definitive objective facts. Nor can we conclude that the Board's factual determination to that effect was so wide of the mark that a mistake must have been made. *See Stein & Kurland, P.C. v. Board of Review,* 181 *N.J.Super.* 269, 273, 437 *A.2d* 332 (App.Div. 1981); *Ferry v. Board of Review,* 131 *N.J.Super.* 99, 99, 328 *A.2d* 639 (App.Div.1974).

■ Mere speculation about job stability is insufficient to establish good cause. Rather, the surrounding circumstances at the time of voluntarily resigning must demonstrate a lack of suitable continuing work either concurrently or at a discernible and proximate point in time, together with statements or actions of the employer showing a very strong likelihood of imminent layoff. The circumstances must be so compelling as to indicate a strong probability that fears about the employee's job security will in fact materialize, that serious impending threats to his job will be realized, and that the employee's belief that his job is imminently threatened is well founded. *Compare Spatola v. Board of Review,* 72 *N.J.Super.* 483, 178 *A.2d* 635 (App.Div.1962) *with Philadelphia Parking Auth. v. Unemployment Comp. Bd. of Review,* 654 *A.2d* 280 (Pa.Commw.Ct.1995).

█ We thus hold that an employee's acceptance of a "severance package" or "early retirement incentive package" bars him from receiving unemployment benefits unless he shows he accepted the package because of a real, imminent, and substantial risk of losing his job. Our conclusion comports with that of other jurisdictions. *See York v. Review Bd. of Indiana Employment Sec. Div.*, 425 *N.E.*2d 707 (Ind.Ct.App.1981); *McGraw v. Director of Postal Data Center*, 319 *So.*2d 797 (La.Ct.App.1975); *Saint Joseph Health Center v. Missouri Labor and Indus. Relations Comm'n*, 768 *S.W.*2d 123 (Mo.Ct.App.1988); *Fisher v. Levine*, 36 *N.Y.*2d 146, 365 *N.Y.S.*2d 828, 325 *N.E.*2d 151 (1975); *Appleman, as Commissioner of Labor*, 211 *A.D.*2d 933, 621 *N.Y.S.*2d 232 (N.Y.App.Div.1995); *In re Fontaine*, 657 *N.Y.S.*2d 216 (N.Y.App. Div.1997); *In re Raphael*, 656 *N.Y.S.*2d 576 (N.Y.App.Div.1997); *In re Russo*, 652 *N.Y.S.*2d 1021 (N.Y.App.Div.1997); *Employment Dep't v. Piercy*, 142 *Or.App.* 232, 920 *P.*2d 1129 (1996); *Philadelphia Parking Auth. v. Unemployment Comp. Bd. of Review*, 654 *A.*2d 280 (Pa.Commw.Ct.1995); *Staub v. Unemployment Comp. Bd. of Review*, 673 *A.*2d 434 (Pa.Commw.Ct.1996); *Unangst v. Unemployment Comp. Bd. of Review*, 690 *A.*2d 1305 (Pa.Commw. Ct.1997); *Robinson v. Department of Employment Sec.* 827 *P.*2d 250 (Utah.Ct.App.1992); *Read v. Employment Sec. Dep't*, 62 *Wash.App.* 227, 813 *P.*2d 1262 (1991).

For example, the New York Court of Appeals has held that an employee who voluntarily leaves his employment in exchange for enhanced retirement benefits has no right to receive unemployment compensation. In *Fisher v. Levine*, 36 *N.Y.*2d 146, 365 *N.Y.S.*2d 828, 325 *N.E.*2d 151, a federal postal worker retired early in response to his employer's request for a voluntary reduction in force. *Id.* 365 *N.Y.S.*2d at 831, 325 *N.E.*2d at 152–53. In exchange, the plaintiff received a substantial increase in retirement annuities. *Ibid.* In upholding the denial of the employee's claim for benefits, the Court concluded that the plaintiff retired early for noncompelling reasons. *Ibid.* The Court added that the "[plaintiff's] decision to retire early ... was not the consequence of a Hobson's choice between an annuity increase or no increase at

all" because had plaintiff stayed instead of retired, his annuity payments would have gradually increased commensurate with his length of service. *Id.* 365 *N.Y.S.*2d at 835, 325 *N.E.*2d at 152–53.

Pennsylvania courts too have refused to grant unemployment benefits to individuals who voluntarily resign without the presence of imminent threat of job loss. In *Staub v. Unemployment Comp. Bd. of Review,* 673 *A.*2d 434, the claimant accepted an early retirement incentive bonus. His decision was based upon the fact that the employer was in the process of restructuring in an effort to reduce costs. The claimant believed that the company was in poor financial condition and was in fear of losing his job. *Id.* at 435. The Pennsylvania court held that an employer's offer of an incentive plan, coupled with the employee's subjective fear of a layoff did not rise to the level of good cause. *Id.* at 437. In reaching this conclusion, the court reasoned:

> [W]here at the time of retirement, suitable continuing work is available [and] the employer states that a layoff is possible but not likely, and no other factors are found by the Board that remove an employee's beliefs from the realm of speculation, a claim for unemployment benefits fails despite the offer to leave.
>
> [*Ibid.*]

We do not suggest that the facts in *Fisher* and *Staub* are identical to this case. However, the similarities are striking. Here, appellant was never definitively informed by his employer that either his department or position was about to be eliminated. AT & T's memorandum simply informed employees in appellant's division that a restructuring was to take place, and positions could be lost. As in *Fisher* and *Staub,* continuing employment was available to appellant, and he has not demonstrated that he was among the employees who faced a real, imminent, and substantial risk of being discharged. Although this case involves an additional circumstance—newspaper speculation concerning the financial viability of the employer—we do not find this fact particularly compelling. We cannot fairly say under these circumstances that appellant has proved that his reason for terminating his employment constituted "good cause attributable to [his] work." *N.J.S.A.* 43:21-5(a).

We add that our decision is supported by important public policy considerations. We recognize that "corporate downsizing" is a common phenomenon in today's business world, and that job insecurity is not at all irrational. But, unemployment compensation is a last resort mechanism designed to ease the plight of employees whose jobs are terminated or who are otherwise compelled by work conditions to leave. The mere threat or possibility of a layoff constitutes an insufficient basis to trigger the right to receive benefits.

Affirmed.