┌─────────────────────────────────────────────────────────────┐
│                **NOT FOR PUBLICATION WITHOUT THE**            │
│              **APPROVAL OF THE APPELLATE DIVISION**           │
│                                                               │
│   This opinion shall not "constitute precedent or be binding upon any court." │
│   Although it is posted on the internet, this opinion is binding only on the │
│     parties in the case and its use in other cases is limited. R.1:36-3.     │
└─────────────────────────────────────────────────────────────┘

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4108-15T4

PATRICK MULLEN, SR.,

    Appellant,

v.

BOARD OF REVIEW, DEPARTMENT
OF LABOR and ADP TOTALSOURCE
COMPANY XXI, INC.,

    Respondents.

_____

Submitted August 15, 2017 — Decided August 22, 2017

Before Judges Manahan and Gilson.

On appeal from the Board of Review, Department of Labor, Docket No. 73,720.

Patrick Mullen, Sr., appellant pro se.

Christopher S. Porrino, Attorney General, attorney for respondent Board of Review, Department of Labor (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Peter H. Jenkins, Deputy Attorney General, on the brief).

Respondent ADP TotalSource Company XXI, Inc. has not filed a brief.

PER CURIAM

Patrick Mullen, Sr. appeals from a final agency decision of the Board of Review (Board), finding him disqualified from unemployment benefits after determining he left work voluntarily from ADP TotalSource Company (ADP) without cause attributable to his work. Mullen argues that he established good cause within the meaning of N.J.S.A. 43:21-5(a), thereby entitling him to unemployment benefits. The determination by the Board reversed a decision of the Appeal Tribunal (Tribunal). Since the Board's decision was rooted in facts within the record and was consistent with relevant law, we affirm.

We discern the following facts taken from the record. Mullen was employed by ADP as a bookkeeper from January 13, 2012 through August 4, 2015. Upon returning from vacation on August 3, 2015, Mullen was informed that layoffs had occurred while he was away. The next day, Mullen resigned from ADP premised upon his belief that ADP would be reducing his hours by one day a week, which would result in a twenty percent reduction in pay and present a financial hardship for his family. Mullen maintained throughout the administrative proceedings that he would not have resigned if his pay and hours remained the same.

Mullen filed for unemployment benefits. Upon review, the Deputy Director of the Division of Unemployment and Disability (Deputy) found that Mullen was disqualified for benefits as he

voluntarily left his employment without good cause. After Mullen appealed the Deputy's decision, a telephone hearing was conducted before the Tribunal.

During the telephonic hearing, Carol Jeanette Jorgensen, a partner at ADP, testified that no changes to Mullen's employment (hours of work) were going to be made at the time of his resignation. A number of emails exchanged between Jorgensen and Mullen referenced Mullen's position that he would not accept a reduction in pay and hours. Jorgensen also noted that, after his resignation, Mullen declined an offer by ADP to continue his employment on a part-time basis until Christmas while he searched for a new employment. Mullen denied receiving the "continued employment" email, but stated that had he received the email, it would not have altered his decision to resign.[1]

The Tribunal reversed the Deputy's determination finding that Mullen demonstrated good cause and was not disqualified from benefits. ADP appealed the decision to the Board. Subsequent to its review, the Board adopted the Tribunal's finding of facts except for the inaccurate finding that there would have been a twenty-five percent reduction in Mullen's compensation. The Board concluded that the accurate amount was a twenty-percent reduction

---

[1] The emails are not part of the appellate record.

in compensation, which was not substantial and did not amount to good cause for Mullen's resignation. Accordingly, the Board reversed the Tribunal's decision and disqualified Mullen for benefits. This appeal followed.

Mullen raises one point on appeal.

### POINT I

[MULLEN] LEAVING HIS JOB DUE TO A SIGNIFICANT REDUCTION IN PAY AND HOURS DUE TO LOSS OF BUSINESS BY THE EMPLOYER CONSTITUTES GOOD CAUSE AND, THEREFORE[,] HE SHOULD NOT HAVE BEEN DISQUALIFIED FOR BENEFITS.

The court's role in reviewing administrative agency decisions involving unemployment benefits is generally limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). The court defers to factual findings where "supported 'by sufficient credible evidence[.]'" Ibid. (quoting Self v. Bd. of Review, 91 N.J. 453, 459 (1982)). "[T]he test is not whether an appellate court would come to the same conclusion if the original determination was its to make, but rather whether the factfinder could reasonably so conclude upon the proofs." Ibid. (quoting Charatan v. Bd. of Review, 200 N.J. Super. 74, 79 (App. Div. 1985)).

A reviewing court will intervene only if the challenged action was arbitrary, capricious or unreasonable, or "clearly inconsistent with [the agency's] statutory mission or with other State policy." Ibid. (quoting George Harms Constr. v. Turnpike Auth., 137 N.J. 8,

4                                                    A-4108-15T4

27 (1994). In sum, the scope of appellate review is confined to determining whether the agency decision offends the State or Federal Constitution; whether such action violated legislative policies; whether the record contains substantial evidence to support the agency's factual findings; and, lastly, whether the agency, in applying legislative policies to the facts, clearly erred in reaching a conclusion that could not reasonably have been made. Id. at 210-11.

The Unemployment Compensation Act, N.J.S.A. 43:21-1 to -24.30 (the Act), is designed primarily to lessen the impact of unemployment that befalls workers without their fault. Brady, supra, 152 N.J. at 212. "The public policy behind the Act is to afford protection against the hazards of economic insecurity due to involuntary unemployment." Yardville Supply Co. v. Bd. of Review, 114 N.J. 371, 374 (1989).

The Act provides that an individual shall be disqualified for benefits if "the individual has left work voluntarily without good cause attributable to such work[.]" N.J.S.A. 43:21-5(a); Brady, supra, 152 N.J. at 213 (emphasis omitted). Although the statute does not define "good cause," "courts have construed the statute to mean 'cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed.'" Domenico v. Bd. of Review, 192 N.J. Super. 284, 287

(App. Div. 1983) (quoting <u>Condo v. Bd. of Review</u>, 158 <u>N.J. Super.</u> 172, 174 (App. Div. 1978)).

In determining whether an employee had "good cause" to leave his employment, the court applies a test of "ordinary common sense and prudence." <u>Zielenski v. Bd. of Review</u>, 85 <u>N.J. Super.</u> 46, 52 (App. Div. 1964). "The burden of proof is on the claimant to establish good cause attributable to such work for leaving." <u>N.J.A.C.</u> 12:17-9.1(c).

In this case, Mullen claims that he did not voluntarily resign. Rather, he claims that a twenty-percent reduction in his pay constituted an "involuntary termination" of his position and qualified him for unemployment benefits. We disagree.

This court has held that when an individual gives up partial employment that ordinarily does not constitute "good cause." <u>Zielenski</u>, <u>supra</u>, 85 <u>N.J. Super.</u> at 53. In our decision, we noted with approval the Appeal Tribunal's observation that, "[i]t is claimant's responsibility to do whatever is necessary and reasonable in order to remain employed." <u>Id.</u> at 53-54.

In sum, we conclude the Board's decision to deny Mullen benefits is supported by substantial credible evidence in the record. Further, in application of our highly deferential standard of review, we find no reason to interfere with the Board's decision. The record amply supports the Board's determination that Mullen

resigned voluntarily predicated upon his personal belief that his compensation would be reduced. An employee who leaves work for personal reasons is not deemed to have left work voluntarily with good cause. Brady, supra, 152 N.J. at 213; Utley v. Bd. of Review, Dep't of Labor, 194 N.J. 534, 544 (2008); Rider Coll. v. Bd. of Review, 167 N.J. Super. 42, 47-48 (App. Div. 1979). "Mere dissatisfaction with working conditions which are not shown to be abnormal or do not affect health, does not constitute cause for leaving work voluntarily." Domenico, supra, 192 N.J. Super. at 288 (quoting Medwick v. Bd. of Review, 69 N.J. Super. 338, 345 (App. Div. 1961)). "The decision to leave employment must be compelled by real, substantial and reasonable circumstances . . . attributable to the work." Fernandez v. Bd. of Review, 304 N.J. Super. 603, 606 (App. Div. 1997) (alteration in original) (quoting Domenico, supra, 192 N.J. Super. at 288).

In closing, we note that Mullen's precipitous decision to resign rather than accept a potential reduction in pay or to work part-time, without the prospect of employment elsewhere, was objectively unreasonable and was at odds with his concern of financial hardship.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4108-15T4