**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2352-18T1

JEFFREY A. PEREZ,

      Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and FAIRFIELD GOURMET
FOOD CORPORATION,

      Respondents.

_____

Submitted December 4, 2019 – Decided December 20, 2019

Before Judges Haas and Enright.

On appeal from the Board of Review, Department of Labor, Docket No. 162,471.

Jeffrey A. Perez, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Donna Sue Arons, Assistant Attorney General, of counsel; Aimee Blenner, Deputy Attorney General, on the brief).

Respondent Fairfield Gourmet Food Corp. has not filed a brief.

PER CURIAM

Appellant Jeffrey Perez appeals from the December 10, 2018 final decision of the Board of Review (Board) affirming the determination of the Appeal Tribunal, which disqualified Perez from receiving benefits as of February 11, 2018, pursuant to N.J.S.A. 43:21-5(a). The Board also affirmed the decision of the Appeal Tribunal holding Perez liable for a benefits refund in the sum of $270. We affirm.

Perez worked for Fairfield Gourmet Food Corporation (Fairfield) as a driver's helper from September 27, 2017 through February 14, 2018. Before Perez was terminated from Fairfield, he reported his employer to the Occupational Safety and Health Administration (OSHA), claiming he was operating certain machinery without having the required license. Perez did not advise Fairfield that he reported the employer to OSHA.

After Perez was injured on the job, he requested several days off from work in January 2018. He returned to work on February 5, 2018 and worked until February 14, 2018, after which Fairfield claims he stopped reporting for work. Once Perez ceased working, he was told by his manager to turn in his uniform and pick up his last paycheck.

Perez filed for unemployment benefits in August 2018 and received benefits totaling $270. On September 24, 2018, a Deputy of the Division of Unemployment Insurance mailed a redetermination to Perez imposing a disqualification for benefits as of February 11, 2018, finding that he left work voluntarily without good cause attributable to such work. Perez appealed from this redetermination.

During his Appeals Tribunal hearing, Perez's former manager testified he was unaware Perez reported the company to OSHA. When asked if he had "any intention of letting [Perez] go," the manager answered, "[n]o." The manager also testified Perez was terminated "[b]ecause of not showing . . . . his last day was February 14th that he showed up at work." The Appeal Tribunal found Perez was disqualified for benefits as of February 11, 2018, pursuant to N.J.S.A. 43:21-5(a) and that he had to refund the benefits he received, pursuant to N.J.S.A. 43:21-16(d). The Board affirmed the Tribunal's decision on December 10, 2018.

On appeal, Perez claims he was fired from his job without justification and is entitled to unemployment benefits. After careful consideration of Perez's contentions and a thorough review of the record, we are satisfied there is

adequate, substantial and credible evidence to support the Board's determination.

Our review of an administrative agency decision is limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). "[I]n reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether [we] would come to the same conclusion if the original determination was [ours] to make, but rather whether the factfinder could reasonably so conclude upon the proofs." Ibid. (quoting Charatan v. Bd. of Review, 200 N.J. Super. 74, 79 (App. Div. 1985)). "If the Board's factual findings are supported 'by sufficient credible evidence, [we] are obliged to accept them.'" Ibid. (quoting Self v. Bd. of Review, 91 N.J. 453, 459, (1982)). We also give due regard to the agency's credibility findings. Logan v. Bd. of Review, 299 N.J. Super. 346, 348 (App. Div. 1997). "Unless . . . the agency's action was arbitrary, capricious, or unreasonable, the agency's ruling should not be disturbed." Brady, 152 N.J. at 210.

"The underlying purpose of the Unemployment Compensation Law 'is to provide some income for the worker earning nothing because he is out of work through no fault or act of his own.'" Futterman v. Bd. of Review, 421 N.J. Super.

4                                                                    A-2352-18T1

281, 288 (App. Div. 2011) (emphasis omitted) (quoting Brady, 152 N.J. at 212).

A person is disqualified for benefits:

> For the week in which the individual has left work voluntarily without good cause attributable to such work, and for each week thereafter until the individual becomes reemployed and works eight weeks in employment . . . .
>
> [N.J.S.A. 43:21-5(a).]

An employee who leaves work voluntarily has the burden of proving that he or she "did so with good cause attributable to work." Brady, 152 N.J. at 218; N.J.A.C. 12:17-9.1(c). "While the statute does not define 'good cause,' our courts have construed the statute to mean 'cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed.'" Domenico v. Bd. of Review, 192 N.J. Super. 284, 287 (App. Div. 1983) (quoting Condo v. Bd. of Review, 158 N.J. Super. 172, 174 (App. Div. 1978)). N.J.A.C. 12:17-9.1(b) defines "good cause attributable to such work" as "a reason related directly to the individual's employment, which was so compelling as to give the individual no choice but to leave the employment."

An employee who leaves work for good, but personal, reasons is not deemed to have left work voluntarily with good cause. Brady, 152 N.J. at 213; Self, 91 N.J. at 457; Rider Coll. v. Bd. of Review, 167 N.J. Super. 42, 47-8 (App.

Div. 1979). "Mere dissatisfaction with working conditions which are not shown to be abnormal or do not affect health, does not constitute good cause for leaving work voluntarily." Domenico, 192 N.J. Super. at 288 (quoting Medwick v. Bd. of Review, 69 N.J. Super. 338, 345 (App. Div. 1961)). "The decision to leave employment must be compelled by real, substantial and reasonable circumstances . . . attributable to the work." Shuster v. Bd. of Review, 396 N.J. Super. 240, 244-45 (App. Div. 2007) (quoting Fernandez v. Bd. of Review, 304 N.J. Super. 603, 606 (App. Div. 1997)). "[I]t is the employee's responsibility to do what is necessary and reasonable in order to remain employed." Domenico, 192 N.J. Super. at 288.

Guided by these principles, we perceive no basis to disturb the Board's finding.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2352-18T1