**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1271-19

SAMARA KRAFT,

     Plaintiff-Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
and INSULET
CORPORATION,

     Defendants-Respondents.

_____

Submitted January 20, 2021 – Decided March 16, 2021

Before Judges Gilson and Gummer.

On appeal from the Board of Review, Department of Labor, Docket No. 155,363.

Edens Law Group, LLC, attorneys for appellant (Daniel Kraft and Ann M. Edens, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Achchana Ranasinghe, Deputy Attorney General, on the brief).

PER CURIAM

Samara Kraft appeals from an October 11, 2019 final agency decision by the Board of Review (Board), which determined that she was not eligible for unemployment benefits because she voluntarily left her employment without good cause attributable to the work. N.J.S.A. 43:21-5(a). Kraft contended that she had been performing well at her job, but a new manager unfairly criticized her and subjected her to an unreasonable performance improvement plan (PI Plan). Kraft also argued that the PI Plan would have resulted in her working unreasonably long hours and would have led to her being fired. Accordingly, Kraft resigned, contending that she had good cause to leave her work. In reaching its conclusion, the Board refused Kraft's request to issue a subpoena to the employer seeking documents related to the PI Plan and her termination. We vacate the Board's decision and remand for the issuance of a subpoena and further proceedings.

I.

Kraft was employed by Insulet Corporation (employer) as a clinical service manager who visited clients and sold certain products. In connection with her work, Kraft needed to meet certain sales quotas. Kraft worked for Insulet for just over a year, from March 1, 2017 to April 20, 2018. She testified

that for the first nine months, she performed well and met all her sales quotas. In January 2018, however, she began working in a new sales territory under a new manager. Kraft explained that the new manager was highly critical of her and imposed a PI Plan. According to Kraft, the PI Plan was unreasonable and designed to result in her being fired. She explained that she worked extremely long hours and the plan would require her to work several additional hours each day writing up what she had done that day and making phone calls. Kraft also explained that although the PI Plan was designed to last three months, it stated that she could be fired at any time. Consequently, Kraft testified that she believed she would be fired and, therefore, after she received the PI Plan, she submitted a letter of resignation with two weeks' notice. Kraft's last day at work was April 20, 2018.

On May 13, 2018, Kraft applied for unemployment benefits. A deputy director determined that she was ineligible because she had left work voluntarily without good cause attributable to the work. Kraft administratively appealed and an Appeal Tribunal (Tribunal) conducted a telephonic hearing on August 3, 2018. The employer did not participate in that hearing.

Prior to the hearing, counsel for Kraft sent the Tribunal a subpoena with a request that the subpoena be served on the employer. The subpoena sought

3

the production of the employer's records regarding Kraft's compensation, benefits, the PI Plan, and her termination. The subpoena also sought records regarding PI Plans imposed on other employees.

During the August 3, 2018 hearing, the Tribunal informed Kraft that there was no need to issue the subpoena because the employer was not appearing and no one would be contesting her testimony. Kraft then testified that she resigned because she believed that the PI Plan was unreasonable and she was going to be fired.

The Tribunal found that Kraft had been consistently rated satisfactory by other managers and had received related sales bonuses. The Tribunal found that that situation changed in January 2018 under a new manager. The Tribunal credited Kraft's testimony that she had been notified in early April 2018 that she was being placed on a three-month PI Plan. The Tribunal found, however, that Kraft left work voluntarily without good cause attributable to the work because she had submitted her letter of resignation within days of being notified of the PI Plan and she had not notified the employer of her concerns before resigning.

Kraft appealed to the Board and on October 2, 2018, the Board affirmed the decision of the Tribunal. The Board found that Kraft had been given a full and impartial hearing and that there were no grounds for a further hearing. The

4

Board then concluded: "On the basis of the record below, we agree with the decision reached."

Kraft appealed the Board's determination to us. While that matter was pending, the Board moved and we granted a remand so that the Board could consider Kraft's application in light of our recent decision in Cottman v. Board of Review, 454 N.J. Super. 166, 172 (App. Div. 2018). In Cottman, we held that under certain circumstances an employee who knows that he or she is about to be fired can quit without becoming ineligible for unemployment benefits. Id. at 170.

On remand, the Board referred the matter back to the Tribunal for a second hearing. That hearing took place on September 6, 2019, and again the employer did not appear. At the outset of the second hearing, the Tribunal again informed Kraft that her request to issue a subpoena was being denied because the Tribunal did not believe it was necessary. Kraft then provided additional testimony, explaining that she believed her new manager was setting her up for failure and that the PI Plan was designed to result in her being terminated. Kraft also testified that she understood that the PI Plan allowed the employer to terminate her at any time, even though it was a three-month plan.

5

On September 6, 2019, the Tribunal issued its second decision. The Tribunal stated that the documents requested to be subpoenaed by Kraft were not necessary for it to render a full and complete decision, but it did not explain why it reached that conclusion. Although the Tribunal had no testimony from the employer, the Tribunal again found that Kraft was not under an immediate threat of termination. The Tribunal also found that her manager's criticism did not amount to "good cause attributable to such work," N.J.S.A. 43:21-5(a), justifying her resignation, and that Kraft had failed to take reasonable efforts to preserve her job. Accordingly, the Tribunal again found that Kraft was ineligible for unemployment benefits because she voluntarily left her employment without good cause attributable to the work.

Kraft again appealed to the Board. In a final decision issued on October 11, 2019, the Board agreed with the Tribunal and denied Kraft unemployment benefits. The Board stated that it was satisfied that the Tribunal's denial of the subpoena was appropriate because "there was no justification provided for the necessity of such subpoenas." The Board then distinguished the situation in Cottman, reasoning that Cottman's supervisor had informed her that she might be discharged if she failed to report to work, but Kraft was not told by her manager that she was going to be discharged prior to her resignation.

6

## II.

Kraft now appeals from the Board's October 11, 2019 determination. She argues that the Board erred by (1) upholding the Tribunal's determination that she voluntarily resigned without good cause; (2) denying her request to issue the subpoena to the employer; and (3) improperly evaluating her case in light of the holding in Cottman. We conclude that the Board acted unreasonably in declining to issue the subpoena and, therefore, we reverse and remand for further proceedings.

Our scope of review of an agency determination is limited. In re Stallworth, 208 N.J. 182, 194 (2011) (first citing Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980); and then citing In re Carter, 191 N.J. 474, 482 (2007)). We normally "defer to the Board when its factual findings are based on 'sufficient credible evidence' in the record." Lourdes Med. Ctr. v. Bd. of Rev., 197 N.J. 339, 367 (2009) (quoting Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997)). "We are not permitted to review the case as though we were the original factfinder and substitute our judgment for any disagreements we might have with the Board. Rather, we must determine whether the Board could reasonably have reached its conclusion based on the proofs." Ibid. (citing Brady, 152 N.J. at 210).

New Jersey's Unemployment Compensation Law is designed to reduce the impact of unemployment for workers who become unemployed without fault. Brady, 152 N.J. at 221-22. The law disqualifies persons from receiving unemployment benefits if they "left work voluntarily without good cause attributable to such work[.]" N.J.S.A. 43:21-5(a). The phrase "good cause attributable to such work" is defined by the Board as "a reason related directly to the individual's employment, which was so compelling as to give the individual no choice but to leave the employment." N.J.A.C. 12:17-9.1(b). Courts have interpreted that phrase to mean "cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed." Domenico v. Bd. of Rev., 192 N.J. Super. 284, 287 (App. Div. 1983) (citations omitted) (quoting Condo v. Bd. of Rev., 158 N.J. Super. 172, 174 (App. Div. 1978)).

The test for determining whether an employee's decision to leave work constitutes "good cause" is one of "ordinary common sense and prudence." Brady, 152 N.J. at 214 (quoting Zielenski v. Bd. of Rev., 85 N.J. Super. 46, 52 (App. Div. 1964)). The employee must establish good cause, N.J.A.C. 12:17-9.1(c), and "has the 'responsibility to do whatever is necessary and reasonable in order to remain employed.'" Cottman, 454 N.J. Super. at 172 (quoting Brady,

152 N.J. at 214). Consequently, the decision to quit "must be compelled by real, substantial and reasonable circumstances not imaginary, trifling and whimsical ones." Domenico, 192 N.J. Super. at 288.

Nevertheless, "when an employee knows that he or she is about to be fired, the employee may quit without becoming ineligible." Cottman, 454 N.J. Super. at 170 (citations omitted).

> The circumstances must be so compelling as to indicate a strong probability that fears about the employee's job security will in fact materialize, that serious impending threats to his [or her] job will be realized, and that the employee's belief that his [or her] job is imminently threatened is well founded.
>
> [Fernandez v. Bd. of Rev., 304 N.J. Super. 603, 606 (App. Div. 1997).]

The unemployment regulations state: "If an individual leaves work after he or she is notified by the employer of an impending layoff or discharge, he or she shall be subject to disqualification for benefits unless the individual will be separated within [sixty] days." N.J.A.C. 12:17-9.5.

Kraft testified that she believed that she was about to be fired. In support of that position, she explained that she had been doing well until she was assigned a new manager. The manager then, according to Kraft, excessively criticized her and subjected her to an unreasonable PI Plan. Kraft also explained

9

that the PI Plan would have required her to work excessive hours each day to explain what she was doing to accomplish her job. Significantly, the employer did not appear at either hearing and did not dispute any of Kraft's testimony.

Under these circumstances, we agree with Kraft that it was an error for both the Tribunal and Board to refuse her request to issue a subpoena for records from the employer. N.J.A.C. 1:12-11.1 allows the Tribunal to issue a subpoena for production of witnesses and records and permits the Board to issue subpoenas when hearing appeals from Tribunal decisions. To justify a subpoena, the party applying for it must make a "showing of the necessity therefor[.]" Ibid.

The Board maintains that we should defer to its discretion because there is substantial credible evidence supporting its determination that Kraft resigned without good cause attributable to her work. "Application of the substantial evidence rule presupposes an adequate opportunity by the party against whom a decision has been rendered to have marshalled and offered evidence." Jones v. Dep't of Corr., 359 N.J. Super. 70, 75 (App. Div. 2003). It was not reasonable for the Board to rely on the Tribunal's finding that Kraft had no good cause without allowing her a reasonable opportunity to collect documents from the employer that may have supported her contention.

We agree that Kraft's subpoena was overbroad. The relevant information, to which she was entitled, are documents the employer has concerning her PI Plan and her termination. Given Kraft's unrebutted testimony, the critical issues were whether the PI Plan was unreasonable and designed to cause Kraft to immediately resign. While not all the documents sought in Kraft's subpoena would shed light on her contentions, the request for the PI Plan itself and any documents related to her termination were necessary to evaluate Kraft's contention of good cause for her resignation.

Accordingly, we vacate the Board's decision and remand for the issuance of a narrow subpoena to the employer for documents related to Kraft's PI Plan and her termination. The Board, through the Tribunal or itself, shall reopen the record, consider any evidence produced in response to the subpoena, re-evaluate the evidence in the record, and issue a new decision on Kraft's request for unemployment benefits. We do not offer a view on the merits of Kraft's entitlement to benefits; rather, those issues are to be decided anew by the Board on the augmented record.

Vacated and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-1271-19