**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0250-19

DESHONDA RENFRO,

    Plaintiff-Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and EVA'S VILLAGE, INC.,

    Defendants-Respondents.

_____

Argued April 27, 2021 – Decided May 13, 2021

Before Judges Haas and Natali.

On appeal from the Board of Review, Department of Labor, Docket No. 185,241.

Deshonda Renfro, appellant, argued the cause pro se.

Sean Patrick Havern, Deputy Attorney General, argued the cause for respondent Board of Review (Gurbir S. Grewal, Attorney General, attorney; Sookie Bae, Assistant Attorney General, of counsel; Dipti Vaid Dedhia, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Deshonda Renfro appeals from the August 28, 2019 decision of the Board of Review (Board) affirming a decision of the Appeal Tribunal (Tribunal) that she was disqualified for unemployment compensation benefits under N.J.S.A. 43:21-5(a) because she left her job voluntarily without good cause attributable to the work. We affirm.

Appellant was employed as a case manager by Eva's Village Inc. from February 1, 2018 until she quit her job on May 22, 2019. Prior to resigning from her position, appellant sent an email to her supervisor on April 24, 2019, "which detailed allegations of bullying, harassment and hostile working conditions between" August 1, 2018 and April 18, 2019. According to the employer's grievance policy, an employee is required to report incidents of this nature within five days of their occurrence. Even though appellant did not comply with this requirement, the supervisor and the employer's Human Resources (HR) representative met with appellant on April 26 to discuss her concerns.

At the meeting, appellant stated she felt that she was being bullied because, among other things, a group meeting she was assigned "to facilitate" was cancelled ninety minutes before it was to take place; appellant's supervisor once asked her if she "was okay"; two colleagues allegedly sent text messages to each other during a meeting; and her colleagues did not respond

enthusiastically when one of appellant's clients did well on her culinary school report card. Appellant also complained that two of her co-workers were not cooperating with her requests for information she needed to complete written reports.[1]

The HR representative told appellant that the company would investigate her allegations, prepare a report, and let her know the outcome. The representative explained she would begin the investigation on May 1, but that appellant's manager was scheduled to be out of the office on vacation for two weeks and the investigation would have to be halted during that period. Appellant indicated she understood the situation.

However, appellant sent an email to the HR representative on May 7 and asked for the status of the investigation. The representative did not immediately respond. On May 8, appellant submitted a resignation letter to the representative.[2] In the letter, appellant stated Eva's Village was "a wonderful organization" and she "truly had a wonderful experience doing what I love." Appellant did not refer to her allegations of bullying in the letter and stated she

---

[1] Appellant testified that she first brought the problem with the reports to her supervisor's attention in April 2018.

[2] Appellant gave two weeks' notice and stated that her resignation would be effective on May 22.

A-0250-19

had a "deep love for Newark, New Jersey, Essex County" and was leaving to seek work there rather than in Paterson, where Eva's Village is located.[3]

Appellant filed an application for unemployment benefits, which was denied by the Director of Unemployment Insurance because she had left work voluntarily without good cause attributable to the work. Appellant appealed and the Tribunal affirmed the denial of benefits following an administrative hearing.

The Tribunal found that even though appellant had not followed company policy by promptly reporting the alleged bullying incidents, Eva's Village took immediate steps to address her allegations after she raised them at the April 26, 2019 meeting. The HR representative began an investigation of appellant's complaints and had already interviewed two of the employees by the time appellant's supervisor left for her scheduled vacation.

Rather than await the supervisor's return and the completion of the investigation, appellant resigned from her position. Under these circumstances, the Tribunal concluded that appellant "voluntarily quit and has not demonstrated

---

[3] Prior to leaving employment, Eva's Village sent a "corrective action memorandum" to appellant on April 26, 2019 after appellant forwarded "an inflammatory email" sent to her by a former employee to some of her co-workers. The memorandum reminded appellant that as required by the employer's policies, she should refrain from "spreading rumors" or "[m]alicious gossip" in her "verbal and written communications."

she took reasonable and necessary steps to preserve her employment prior to quitting." Therefore, the Tribunal found that appellant was disqualified for unemployment compensation benefits under N.J.S.A. 43:21-5(a). The Board thereafter affirmed the Tribunal's decision.

This appeal followed. Before us, appellant contends the Board erred in finding he was disqualified for benefits pursuant to N.J.S.A. 43:21-5(a). We disagree.

Our review of an administrative agency decision is limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). "[I]n reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether [we] would come to the same conclusion if the original determination was [ours] to make, but rather whether the factfinder could reasonably so conclude upon the proofs." Ibid. (quoting Charatan v. Bd. of Review, 200 N.J. Super. 74, 79 (App. Div. 1985)). "If the Board's factual findings are supported 'by sufficient credible evidence, [we] are obligated to accept them.'" Ibid. (quoting Self v. Bd. of Review, 91 N.J. 453, 459 (1982)). Only if the Board's "action was arbitrary, capricious, or unreasonable" should it be disturbed. Ibid.

> An individual shall be disqualified for benefits:
>
> For the week in which the individual has left work voluntarily without good cause attributable to such

work, and for each week thereafter until the individual becomes reemployed and works eight weeks in employment . . . and has earned in employment at least ten times the individual's weekly benefit rate.

[N.J.S.A. 43:21-5(a).]

"Under this section, the threshold question is whether an applicant for unemployment compensation benefits left [the] job 'voluntarily.'" Lord v. Bd. of Review, 425 N.J. Super. 187, 190-91 (App. Div. 2012). An employee has left work "voluntarily" within the meaning of the statute when "the decision whether to go or to stay lay at the time with the worker alone." Campbell Soup Co. v. Bd. of Review, 13 N.J. 431, 435 (1953). An employee who has left work voluntarily has the burden of proving that she "did so with good cause attributable to [the] work." Brady, 152 N.J. at 218.

Here, the determination that appellant left work without good cause attributable to the work is amply supported by substantial credible evidence in the record as a whole and is not arbitrary, capricious, or unreasonable. After appellant brought her concerns to her employer's attention on April 24, 2019, the HR representatives met with appellant and began an investigation. At that time, appellant knew there would be a two-week delay in the completion of the inquiry until her supervisor returned from a scheduled vacation. Rather than

6

waiting that short period of time to obtain a resolution of the matter, appellant abruptly quit her position.

Accordingly, the record simply does not support appellant's current contention that she was forced to resign due to a "hostile work environment" caused by the alleged incidents she described at the April 26 meeting. It is well-established that "[m]ere dissatisfaction with working conditions which are not shown to be abnormal or do not affect health, does not constitute good cause for leaving work voluntarily." Domenico v. Bd. of Review, 192 N.J. Super. 284, 288 (App. Div. 1983) (quoting Medwick v. Bd. of Review, 69 N.J. Super. 338, 345 (App. Div. 1961)). "The decision to leave employment must be compelled by real, substantial and reasonable circumstances . . . attributable to the work." Shuster v. Bd. of Review, 396 N.J. Super. 240, 244-45 (App. Div. 2007) (quoting Fernandez v. Bd. of Review, 304 N.J. Super. 603, 606 (App. Div. 1997)). "[I]t is the employee's responsibility to do what is necessary and reasonable in order to remain employed." Domenico, 192 N.J. Super. at 288.

Appellant failed to abide by this requirement. Because appellant precipitously quit her job before the investigation could be finished, she did not take the reasonable steps necessary to remain employed. Under these circumstances, the Board's determination that appellant left her position without

7

good cause attributable to the work is amply supported by substantial credible evidence in the record as a whole, and is not arbitrary, capricious, or unreasonable. Brady, 152 N.J. at 210.

Appellant's remaining contentions also lack merit. Appellant asserts that the Appeals Examiner incorrectly prevented her from calling two witnesses at the administrative hearing. Appellant described one of these witnesses as "a very, very close . . . friend" and roommate. Because this individual had no first-hand knowledge of the matters at issue in this matter, the Appeals Examiner advised appellant that this witness was not necessary.

Appellant stated that the other witness was a former co-worker who was present at a meeting where two employees allegedly commented on the fact that appellant was friendly with the witness and worked cooperatively with her because of that friendship. Appellant, who stated she did not believe she was needed at the meeting, took offense at this comment and stated she "felt[] personally demeaned by the friendship assertion during the meeting, that I did not belong in." Because appellant was fully able to supply the information underlying this allegation to the Tribunal, the Appeals Examiner told appellant there was no need to call a witness to corroborate her account.

We discern no error in the Appeals Examiner's rulings. As discussed above, the key issue in this matter was whether appellant did what was necessary to remain employed after she brought her concerns to the attention of her supervisors. Appellant provided all the information that was needed about the alleged bullying incidents and her employer's decision to promptly investigate them to the Tribunal. Thus, the key issue was whether appellant did "what [was] necessary and reasonable in order to remain employed" when she quit her job rather than await the completion of the inquiry. Domenico, 192 N.J. Super. at 288. Neither of appellant's proposed witnesses was able to address that issue and, therefore, the Appeals Examiner correctly declined to hear from them.

Appellant also claims that the Appeals Examiner did not read the written materials she submitted in advance of the hearing and, therefore, she was not prepared to conduct the proceeding. However, the record reveals that the Appeals Examiner had a firm handle on the issues presented and gave both parties the opportunity to fully present their factual and legal assertions. Therefore, appellant's contention lacks sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Finally, appellant argues that she was required to leave her job for medical reasons caused by the stress of the alleged bullying she encountered at Eva's

Village. However, it is well established that "[w]hen an individual leaves work for health or medical reasons, medical certification shall be required to support a finding of good cause attributable to [the] work." N.J.A.C. 12:17-9.3(d). Appellant did not provide the Tribunal with a medical certification to support her current claim that she was suffering from a medical condition that required her to leave her job.[4] Therefore, we reject appellant's contention on this point.

To the extent that any of appellant's remaining contentions are not specifically addressed herein, we have concluded they lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] In the appendix to her reply brief, appellant included an MRI report taken approximately four months after she voluntarily quit her job at Eva's Village. Because this report was not submitted to the Tribunal, we do not consider it here.